IN THE MATTER OF THE ATTORNEY–GENERAL *v.* THE NORTH AMERICA LIFE INSURANCE COMPANY, HENRY R. PIERSON, Receiver, etc.

In proceedings by the attorney-general for the appointment of a receiver of a life insurance company, pursuant to the act of 1869 (chap. 902, Laws of 1869), the court has jurisdiction to permit parties interested in the administration of the assets of the corporation to appear and represent their own interests, and to be made parties to all proceedings taken by or against the receiver by which their rights may be affected.

Persons thus becoming parties to the proceedings have a right to appeal from all orders made therein affecting their interests.

After the appointment of a receiver in such proceedings, by order of the court liberty was given to certain policy-holders to appear by attorney in all motions and proceedings therein, and it was provided that notices of all

motions and proceedings in court on the part of the attorney-general, or of the receiver, be served upon the attorneys of said policy-holders. An actuary was appointed, who made his report; a copy thereof with notice of hearing thereon was served upon said attorneys. Upon the hearing said attorneys appeared and interposed certain objections and exceptions to the report; the report was confirmed; the policy-holders, represented by said attorneys, appealed to the General Term from the order of confirmation, where the appeal was dismissed on the ground that they were not parties to the proceedings, and had no right to appeal, *held*, error; that they were made parties by the notice and appearance, and were parties aggrieved within the meaning of section 1294 of the Code of Civil Procedure.

(Argued April 15, 1879; decided May 20, 1879.)

APPEAL from order of General Term of the Supreme Court, in the third judicial department, dismissing an appeal on the part of certain policy-holders from an order confirming the actuary's report herein. (Reported below, 15 Hun, 18.) The facts appear sufficiently in the opinion.

*William Barnes*, for appellants. In this proceeding the parties are the People as plaintiff and Insurance Company as defendant, and any interested persons allowed to intervene *pro interesse suo*, by an order of the court; the receiver does not hold any such *status* as will permit him to make motions or interfere in the litigation between the parties, or to be heard except as *amicus curiæ*. (*In re Colvin*, 3 Md. Ch. Dec., 280, 303; *Comyn* v. *Smith*, 1 Hogan, 82; Kerr on Receivers [Bispham's 2d ed.], 221, 222; Edwards on Receivers, 3, 12, 22; *Tracy* v. *First Nat. B'k of S.*, 37 N. Y., 523; 2 Wait's Pr., 245; *Miller* v. *Elkins*, 3 L. J. [1st series], 128, 129; *Ireland* v. *Eade*, 7 Beav., 55, 56; *Parker* v. *Dunn*, 8 id., 497; *Clarke* v. *Fisher*, S. & S., 684; *Evans* v. *Taylor*, id., 681; *Duke of Dorset* v. *Crosbie*, id., 683; *In re Earl of Kilkenny*, 7 Irish Eq. R., 595.) The policy-holders were properly made parties to this proceeding, and are parties aggrieved and had a right to appeal. (Code, § 325; Code of Civil Procedure, §§ 1294, 1296. *Hubbard* v. *Guild*, 2 Duer, 687; Daniels' Ch. Pl. and Pr.,

190, 191; *Florida* v. *Georgia*, 17 How. [U. S.], 493; Calvert on Parties, 1 L. Lib., 35, 58; *Hopkirk* v. *Page*, 2 Brock. Marsh., 20, 42; *Birdsong* v. *Birdsong*, 2 Head [Tenn.], 289–302; *Carter* v. *Mills*, 30 Mo., 432; *Drew* v. *Harman*, 5 Price, 319; *Willett* v. *Stringer*, 17 Abb. Pr., 152; *Dwight's Case*, 15 id., 259; *Gould* v. *Mortimer*, 16 id., 448.)

*Rufus W. Peckham*, for respondent. None but a party to a proceeding or action can appeal from any order or judgment made or entered in it. (*Tracey* v. *First Nat. B'k of S.*, 37 N. Y., 523; *People ex rel.*, etc., v. *Lynch, sheriff*, etc., 54 id., 681; Code, § 325; New Code, §§ 1294, 1296; *Martin* v. *Kanonse*, 2 Abb., 390; *Matter of Bristol*, 16 id., 397; *E. B.* v. *E. C. B.*, 28 id., 299.)

ANDREWS, J. By an order of the Special Term of April 24, 1877, liberty was given to Barnes & Hanover, to appear in behalf of Violetta A. Bedell, a policy-holder in the North America Insurance Company, and any person similarly situated, in all motions and proceedings in this action, and the order provided that notices of all motions and proceedings in this action in court on the part of the attorney-general or of the receiver of the corporation, be served upon said firm. Prior to the making of this order, and on the 8th of March, 1877, a receiver of the company had been appointed upon the application of the attorney-general, pursuant to the provisions of chapter 902, of the Laws of 1869, and the company enjoined from the further prosecution of its business. There was no appeal from the order of April 24. The receiver as the officer of the court, represented the policy-holders and other creditors of the company. But it was competent for the court in the exercise of its equitable jurisdiction to permit parties interested in the administration of the property and assets of the corporation to appear and be made parties to proceedings taken by or against the receiver, by which their rights might be affected. It was in

the discretion of the court to allow the policy-holders who stood in the position of *cestuis que trust*, to appear and represent their own interests. There is in strictness no suit to which the policy-holders can be made parties. The proceeding for the appointment of a receiver under the act of 1869, is summary and special. The object of the order of April 24th, as is apparent upon its face was to give the policy-holders represented by Barnes & Hanover, a standing in court, to enable them to appear and be heard upon applications made by the attorney-general, or the receiver, in respect to the affairs of the company, and the right to appear, and thereby become parties to such proceedings, included the right to appeal from orders made affecting their interests. The order of the General Term dismissing the appeal of the policy-holders from the order confirming the actuary's report, was erroneous. The order of confirmation was made upon the application of the receiver, for instructions upon the matters embraced in the report, which application was made on notice to Barnes & Hanover, as attorneys for policy-holders given pursuant to the order of April 24th. They appeared and filed exceptions to the report, and were heard before the Special Term on the application for the order for confirmation. The policy-holders in whose behalf the exceptions were filed, then appealed to the General Term, and their appeal was dismissed on the ground that they were not parties to the proceeding, and had no right to appeal. They were, we think, made parties by the notice served on them, pursuant to the order of April 24th, and their appearance in pursuance thereof, on the hearing at the Special Term, and were parties aggrieved, within the meaning of section 1294 of the Code.

The order of the General Term is therefore reversed, and the case remitted to that court for hearing and decision on the merits.

All concur.

Order reversed.