THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* GRAND LODGE OF THE EMPIRE ORDER OF MUTUAL AID of the State of New York.

GEORGE W. MAXON, Receiver, Appellant in the Matter of NICKELSON, MOSES AND BAADE.

*Insurance company — dissolution of — intervention by a certificate holder in an action by the Attorney-General.*

Where there is pending against a temporary receiver of a mutual aid association (appointed in proceedings instituted for its voluntary dissolution) an action brought by a representative of a certificate holder thereof, to recover the amount payable upon the death of such member of the association, and an action is subsequently commenced in the name of The People by the Attorney-General, in which a judgment dissolving the corporation and appointing a receiver of its property, is duly entered, the plaintiff in the action brought against the temporary receiver should not be allowed to intervene and become a party to such action brought by The People, nor should a referee be specially appointed to take proof as to the claim of such plaintiff, where a referee has already been appointed by the judgment of dissolution, before whom all claims against such association can be proved.

*Semble,* that the court has the power, in the exercise of a sound discretion, to allow a party to intervene in such an action, but that a clear and sufficient reason should appear before such intervention should be permitted.

APPEAL by the plaintiff, The People of the State of New York, and George W. Maxon, receiver, from an order of the Supreme Court, entered in the office of the clerk of the county of Saratoga on the 23d day of February, 1893, allowing the petitioners herein, George H. Nickelson, Lucy M. Nickelson and Cora E. Moses, repre-

sented by Attorneys Kellas &. Munsill, and Bertha Baade, represented by Attorney George S. Bixby, to intervene herein and become parties to this action.

2. That all future notices and papers be served upon them as parties to this action.

It was further ordered, that the claims of said petitioners be referred to Edward T. Brackett, Esq., of Saratoga Springs, to take proof of such claims; that such referee be directed to take proof touching the claim of these petitioners, that the receiver of the defendant herein has in possession funds specially devoted to the payment of these claims, or some portion thereof; the amount of such funds, the character of such funds, the sources from which they were derived and generally all facts touching such question involved in the claim of these petitioners; that such proof be taken before said referee upon notice to the respective parties herein, and the Attorney-General, and such other persons as may at the time of proof being so taken, have become parties to this action; that the Attorney-General or the receiver may bring such matter to a hearing before said referee upon like notice to counsel for said petitioners and other parties, if any, to the action; that said referee report the evidence so taken by him, and his findings thereon.

*Simon W. Rosendale, Attorney-General,* for the appellant.

*Charles W. Mead,* for the receiver, George W. Maxon.

*John P. Kellas,* for the respondents, George H. and Lucy M. Nickelson and Cora E. Moses.

*George S. Bixby,* for Bertha Baade.

MAYHAM, P. J.:

The defendant was incorporated under chapter 189 of the Laws of 1879, with power to make insurance and also to institute subordinate lodges subject to its direction and supervision. In September, 1886, Charles S. Nickelson became a member of the respondent corporation and received its certificate, which provided that in the event of his death the sum of $2,000 should be paid as provided in section 25 of the by-laws of the defendant, $1,000 of which by the terms of the certificate or policy, was made payable to his wife, Mary A. Nickel-

son, two-thirds of the residue to his daughter Lucy M., and one-third of such residue to his son, George H. Nickelson.

The assured survived his wife and on the 18th of January, 1892, died, leaving him surviving George H. Nickelson, Lucy M. Nickelson and Cora E. Moses his heirs and next of kin, who duly notified the grand lodge of the death of the assured and filed with the grand secretary at the proper office proof of such death, and thereafter the grand lodge assessed the members of the order in accordance with the by-laws, upon the death of Charles T. Nickelson and that of John F. Baade, a full-rate member of the order, who had died previous to such assessment, and on that assessment there was paid to the temporary receiver of the defendant the sum of $4,870.14, such receiver having been appointed on the application of the defendant in proceedings instituted by it for a voluntary dissolution of the corporation, after making such assessment pursuant to a resolution of its officers, on whose application a referee was appointed by the Special Term of this court, before whom it was ordered that cause could be shown, if any existed, why the defendant should not be dissolved.

After the appointment of such temporary receiver and the receipt by him of such money on this assessment, an order of the court was granted allowing an action to be commenced against the receiver upon the claim of the heirs and next of kin of Charles T. Nickelson, deceased, for the amount of the policy issued to him, and an action was accordingly commenced against the defendant and such receiver about the 13th of October, 1892, in which the defendant appeared and obtained an extension of the time to answer, but did not serve an answer.

On the 1st day of November, 1892, an action was commenced in the name of The People by the Attorney-General on the complaint of the Superintendent of the Insurance Department, and his report to the Attorney-General that the liabilities of the defendant were $92,500, while its assets amounted to only about $15,000, as appears by the verified complaint of the Attorney-General in this action.

The defendant appeared by an attorney but failed to answer, and on the 26th of November, 1892, application was made for judgment at the Special Term, and judgment was on the 29th of November,

1892, entered in Saratoga county, dissolving such corporation and appointing a receiver of the property of the defendant.

After the entry of judgment the petitioners on this motion served a notice of motion for the 10th of January for an order that they be relieved from all restraint imposed by this judgment, and that they be entitled to take proceedings to enforce payment to them of the sum mentioned in the certificate issued by the defendant to George H. Nickelson, deceased, and that the receiver be directed to pay the same to them, or that they be permitted to intervene.

This motion was granted, and The People, by the Attorney-General, appealed. It will be seen from an examination of the above facts and other facts in the case, that this corporation at the time of the commencement and prosecution of this action by the Attorney-General, was an insolvent corporation with liabilities far in excess of its assets, a fact conceded by the trustees and managers of the corporation, by the attempted voluntary dissolution, and that the action prosecuted by the Attorney-General was but the usual and legal method of dissolving an insolvent corporation and thus accomplishing the result sought in vain to be accomplished by the respondents.

In that action through the receiver all the assets of the corporation can be marshaled and all valid claims against the fund ascertained and determined by and before the referee who was appointed to take proof of claims against such corporation.

If, therefore, the heirs of Charles H. Nickelson who are petitioners to intervene in this action, were creditors of the corporation, their rights would be fully protected in this action, as they, with all other creditors, would be represented by the receiver, whose duty under the direction of the court, it would be, to apply the assets of the corporation to the payment of its debts.

But it is insisted by the petitioners that this fund in the hands of the receiver is in the nature of a special deposit or trust fund, and to the extent of $2,000 belongs to them, and to protect their interest in it, and secure its payment to them, it is necessary that they intervene in and become parties to this action.

The judgment in this action was entered on the 26th day of November, 1892, and by its terms seems to have provided for the closing up of the affairs of this corporation through the agency of

the receiver with the aid of the court. The order from which this appeal was taken was entered on the 10th day of January, 1893, and if carried into effect would necessarily greatly hinder the expeditious and economical winding up of the affairs of the corporation. While it is true that the court has the power in the exercise of a sound discretion to allow a party to intervene, the rule seems well settled that in the exercise of that discretion a clear and sufficient reason should appear before such intervention should be permitted, and the exercise of that discretion has frequently been reviewed on appeal.

In *The People* v. *The Globe Mutual Insurance Co.* (27 Hun, 539), the order of the Special Term allowing two claimants of funds in the hands of the receiver to intervene, was reversed by General Term of this department, and LEARNED, J., in delivering the opinion of the court, said : " It is not necessary that they should intervene in order to establish their claim against the assets in the hands of the receiver. To secure such assets and to protect and apply the same to their legitimate use is the duty of the Attorney-General and the receiver. * * * Since then (the case of *Attorney-General* v. *The North American Life Ins. Co.* [77 N. Y. 297]), the desire to intervene for all causes and for no cause has become common, and the discretion of the court has been exercised in favor of such applications to the great prejudice of the due and proper administration of the law. Each intervenor has a right of appeal, and thereby may greatly delay proceedings."

In view of that fact we think the danger of dissolution of the fund, against which the learned judge at Special Term perhaps justly objects, would be greatly aggravated rather than mitigated. In the case of *The Attorney-General* v. *Continental Life Ins. Co.* (90 N. Y. 45), policyholders were allowed to intervene, and upon an application for allowance to attorney, which came before the Court of Appeals, FINCH, J., said : " These were busy themselves and kept the courts busy, their positions changing during the exigencies of the struggle, sometimes fighting each other, now assailing the receiver, and then defending him, until the controversy became gravely involved and the fund seriously imperilled by the alleged effort to defend and increase it."

It can hardly be maintained that intervention in this case was necessary or proper to guard the fund against the exaction of the

Attorney-General's office in costs, especially as that officer is required by law to report to the Comptroller and Legislature all costs adjudged to the People, and costs recovered by the Attorney-General, and the manner in which he has expended or applied the same. (Chap. 643, Laws of 1873; §§ 53, 56, chap. 683, Laws of 1892.)

Nor do we think intervention necessary on the part of the petitioners to guard their interest against any act of the receiver.

He is an officer of the court, and acts under its direction, and is answerable to its summary action to prevent any abuse or perversion of his power or authority.

As has been seen, an order was made in this action appointing a referee before whom claims against this corporation can be proved, and it also appears from the case that another referee was appointed on this motion to take proof of the claim of the petitioners to the fund in the hands of the receiver.

We see no necessity for this while the reference and the judgment to take proof of claims stands.

All the facts which could be proved before the referee appointed by this order can be proved before the referee appointed under the judgment, and while we believe that either of the gentlemen appointed as referee to take proof of claims is worthy of the fullest confidence, we can see no good reason for suspending the former by the appointment of the latter; nor do we see any necessity for two referees for the performance of substantially the same duty.

On the whole, we think, the order appealed from should be reversed.

The order must be reversed, with ten dollars costs and printing disbursements.

PUTNAM and HERRICK, JJ., concurred.

Order reversed, with ten dollars costs and printing disbursements.