(5 Misc. Rep. 14.)

### PEOPLE v. CATARACT BANK.

(Supreme Court, Special Term, Erie County. August, 1893.)

1. CORPORATIONS—INSPECTING BOOKS AFTER APPOINTMENT OF RECEIVER.
    The receiver of a bank, against which a judgment of dissolution has been rendered, may be compelled to allow stockholders to examine its books, and make abstracts therefrom.

2. SAME—INTERVENTION OF STOCKHOLDERS.
    The stockholders are not entitled to an order directing that no application shall be made to the court, or any action of the court asked for or suffered by the receiver, without first giving them notice, as intervention by stockholders is not favored.

Petition on behalf of Elizabeth G. Delano, Emily Graebe, Gertrude N. Packard, Elizabeth Grant, and Mary L. Grant for an order directing the receiver to permit them or their representative, as stockholders, to make an inspection and examination of the books, papers, writings, and property of the Cataract Bank, and to make abstracts therefrom, and that the court order and direct that no application shall be made to the court, nor shall any action of the court be asked for or suffered by the receiver, relative to, or in any way connected with, the duties of the receiver, or of his charge and management of the property of the bank, or of his release, exchange, transfer, sale, or delivery, unless notice of such application or motion be first given to the attorney for the petitioners.

August Becker, for petitioners.
S. W. Rosendale, Atty. Gen., for the People.
W. Carl Ely, for receiver.

HAIGHT, J.  On the 3d day of July, 1893, a judgment was granted by this court, and entered in the office of the clerk of Niagara county, adjudging that the defendant, the Cataract Bank, be dissolved; that its corporate rights, privileges, and franchises be forfeited; and that its property and assets be applied in the payment of its debts, and the balance, if any, distributed among

v.25 N.Y.s.no.2—9

its stockholders. Peter A. Porter, of the city of Niagara Falls, was by the judgment appointed receiver of the property of the bank, with the usual powers and duties exercised by receivers under the practice of this court, and the statute in such cases made and provided. The petitioners are stockholders, and seek information in reference to the condition of the bank, its property, assets, and liabilities. No reason is apparent why the information sought by them should be withheld. Fowler's Petition, 9 Abb. N. C. 268; In re Application of Tiebout, 19 N. Y. Wkly. Dig. 570. They should therefore be permitted to examine the books of the bank, and take abstracts therefrom.

As to that part of the motion which asks for an order directing that no application shall be made to the court, nor shall any action of the court be asked for or suffered by the receiver, etc., without first giving notice to the petitioners, the same should be denied. No reason is stated in the moving papers why such notice should be given, other than the fact that the petitioners are stockholders of the bank. It follows that, if notice is required to be given to them, it should also be given to every other stockholder. I am aware it was held in Attorney General v. North America Life Ins. Co., 77 N. Y. 297, that such an order was discretionary with the court, and that in numerous cases since stockholders have been permitted to intervene; but this practice has ben criticised in more recent cases, and I think that such intervention should not be permitted only in cases where special reasons are shown therefor. People v. Globe Mut. Ins. Co., 27 Hun, 539; Attorney General v. Continental Life Ins. Co., 90 N. Y. 45; Attorney General v. North America Life Ins. Co., 91 N. Y. 57; Greason v. Goodwillie-Wyman Co., 38 Hun, 138; People v. Grand Lodge of Empire Order of Mutual Aid, 70 Hun, 439, 24 N. Y. Supp. 376. In the latter case the presiding justice, in his opinion, says:

"While it is true that the court has the power, in the exercise of a sound discretion, to allow a party to intervene, the rule seems well settled that in the exercise of that discretion a clear and sufficient reason should appear, before such intervention should be permitted, and the exercise of that discretion has frequently been reviewed on appeal. * * * Nor do we think intervention necessary on the part of the petitioners to guard their interests against any act of the receiver. He is an officer of the court, and acts under its direction, and is answerable·to its summary action to prevent any abuse or perversion of his power or authority."

In People v. Globe Mut. Ins. Co., 27 Hun, 539, Learned, J., said:

"It is not necessary that they should intervene in order to establish their claim against the assets in the hands of the receiver. To secure such assets, and to protect and apply the same to their legitimate use, is the duty of the attorney general and the receiver. * * * In the case of Attorney General v. North America Life Ins. Co., 77 N. Y. 297, it was held that the supreme court, in its discretion, had the right to allow persons interested in the fund to intervene. Since then the desire to intervene for all causes and for no cause has become common, and the discretion of the court has been exercised in favor of such applications to the great prejudice of a due and prompt administration of the law. Each intervener has a right of appeal, and thereby may greatly delay the proceedings."

In the case of Attorney General v. Continental Life Ins. Co., 90 N. Y. 45, policy holders were allowed to intervene, and upon an application for allowance by attorneys Finch, J., said:

"These were busy themselves, and kept the courts busy, their positions changing during the exigencies of the struggle; sometimes fighting each other; now assailing the receiver, and then defending him; until the controversy became gravely involved, and the fund seriously imperiled by the alleged effort to defend and increase it."

The order may be entered according to the directions herein, without costs to either party.    Ordered accordingly.