## GILMAN & CO. v. ANDREWS.

1. Contract: FOR SALE AND DELIVERY OF CORN: CONSTRUCTION. In the month of March, while the defendant had in cribs at Exira what he supposed was about 6,000 bushels of corn, he made a contract with plaintiffs to deliver "6,000 bushels good, sound, merchantable corn in crib at Exira, and 3,000 bushels additional in like condition," on or before the first day of May following. Defendant proceeded to add to the corn in the cribs, without any means of knowledge on plaintiff's part as to the quantity thus added. *Held* that the claim afterwards made by defendant, that the corn in the cribs at the date of the contract was then and there delivered to plaintiffs, was not consistent with the terms of the contract, nor with his own practical interpretation thereof.

2. Sale: OF GOODS TO BE DELIVERED: PAYMENT IN ADVANCE: FAILURE TO DELIVER: MEASURE OF DAMAGES. Where payment is made in advance for goods to be delivered, the measure of damages for a failure to deliver is the difference between the contract price and the highest market price between the time of delivery named in the contract and the commencement of the action to recover.

3. Pleading: REPLY TO COUNTER-CLAIM: PRACTICE. Where there was a counter-claim and a reply, but it is not clear as to what the reply relates, but the parties and the court below treated it as putting the allegations of the counter-claim in issue, it cannot be insisted for the first time in this court that the allegations of the counter-claim stood confessed.

4. Attachment: EXCESSIVE LEVY: MOTION TO RELEASE: EVIDENCE ON APPEAL. This court cannot say that the levy made under a writ of attachment was excessive, where all the evidence as to the value of the property seized is not before the court, and where the only evidence before it relates to the value of the property regardless of incumbrances.

5. New Trial: NEWLY DISCOVERED EVIDENCE: DILIGENCE. A new trial should not be granted on the ground of newly discovered evidence, where there is no showing of diligence used to discover the evidence in time for the first trial.

*Appeal from Audubon District Court.*

FRIDAY, APRIL 24.

THE defendant entered into a contract with the plaintiffs to deliver to them 9,000 bushels of corn. The plaintiffs concede that he delivered to them 7,532 3-7 bushels, but aver

that he delivered only that amount, and failed to deliver the balance called for by the contract, to-wit, 1,467 4-7 bushels, and they bring this action for damages. The defendant, for answer, averred that he delivered 8,060 bushels, and as to the balance, to-wit, 940 bushels, he averred that the plaintiffs released him from delivering it. The plaintiffs sued out a writ of attachment, and the defendant filed a counter-claim for damages sustained by the attachment, and for some other matters. There was a trial to the court, and judgment was rendered for the plaintiffs for $454.90. The defendant appeals.

*H. F. Andrews, J. M. & R. W. Griggs* and *M. Nichols,* for appellant.

*A. S. Churchill* and *H. W. Hanna,* for appellees.

ADAMS, J.—I. The court found that the defendant delivered only 7,860 bushels. The defendant insists that in this the court erred. The contract was made in March, 1881, and the corn was to be delivered on or before the first day of May following, and the delivery was to be made at Exira. Whatever was delivered was placed in the defendant's crib at Exira, but was not weighed out to the plaintiffs until the following autumn. When it was weighed out it did not amount to as much as the defendant thought that he ought to be credited with. He attributed the deficiency in part to shrinkage while in the crib, and in part to a careless and wasteful method of weighing out and handling the corn, and he claimed that any loss accruing from such causes should fall upon the plaintiffs.

The contract provided that the defendant was to deliver "6,000 bushels good, sound, merchantable corn in crib at Exira, and 3,000 bushels additional in like condition." There was evidence tending to show that the defendant had, at the time the contract was entered into, about 6,000 bushels in crib at Exira, and that the same was examined by the

<span>1. CONTRACT: for sale and delivery of corn: construction.</span>

plaintiffs; that the defendant claimed to the plaintiffs that he knew that there was very nearly 6,000 bushels in crib, and that the plaintiffs made some rough measurements and estimate of the corn.    The defendant insists that the corn then in crib was delivered, and that whatever shrinkage occurred afterwards should be added to the weight of the corn as found in the fall, and that he should be credited therewith. But, in our opinion, the corn then in crib was not regarded as delivered.    There is certainly nothing in the contract to so indicate, but the contrary.    The defendant was to deliver "6,000 bushels of good, sound, merchantable corn in crib at Exira."    The contract did not purport to call for specific corn, but corn of a given quality.    It appears to us that the defendant could have discharged his obligation by delivering to the plaintiffs any corn of the given quality before the first of May following.    If the corn in crib had been understood by the parties as specifically sold and delivered by the defendant to the plaintiffs, it would have been unnecessary to describe it as of any given quality.

We are well satisfied that the parties understood that the corn was to be weighed.    It was to be paid for by the bushel, and there is no pretense that the plaintiffs had any means of knowing how much there was, except it may be proximately by estimate.    The defendant, as we understand, proceeded to add immediately to the mass in crib, without any means of knowledge on the part of plaintiffs of the amount of the additions thus made, and that when, in the fall, the plaintiffs took the corn in crib, no settlement could be made without weighing the whole.    The parties then, as we understand, put the same construction upon the contract, practically, which we are disposed to put upon it, looking at its terms alone. There was, then, no delivery of corn under the contract until the weighing out in the fall, and if there was any shrinkage prior to that time we do not think that the defendant was entitled to be allowed for it.    If the plaintiffs wasted the corn before weighing, or made mistakes in weighing, that would

be quite a different thing; but the evidence upon this point is not such as to justify us in disturbing the finding, which has the force of a verdict of a jury. As to the alleged release of the defendant from the full performance of the contract, we have to say that we do not think that the evidence sustains him, and we do not understand him as seriously insisting that it does.

II. The court below allowed as damages the difference between the contract and the highest market value between the first day of May, 1881, and the commencement of the action. The defendant contends that in this the court erred. The evidence showed that the plaintiffs paid the contract price in advance. Where payment is thus made, the ordinary rule is that adopted by the court below. *Cannon v. Folsom*, 2 Iowa, 101; *Harrison v. Charlton*, 37 Id., 134; *Davenport v. Wells*, 1 Id., 598. It seems to be conceded that this rule would be applicable to the present case, but for the alleged fact that the contract was modified, whereby the time of performance was indefinitely extended, and no demand of performance was at any time afterwards made. But the court below found the fact against the defendant, and the evidence is not such as to justify us in interfering. The same may be said in regard to the rulings of the court upon the defendant's counter-claim. It is said, to be sure, that there was no reply to the allegations of the counter-claim, and that they therefore stood confessed. But we find a reply. It may not be entirely certain as to what it is a reply to, but it seems to have been treated by the parties and court below as putting the allegations of the counter-claim in issue, and we should not be justified in treating it otherwise.

III. At the time the writ of attachment was sued out, an order was made by the court allowing an attachment of property to the amount of $1,200. Under the writ certain real estate was levied upon, which the defendant claims was of the aggregate

2. SALE: of goods to be delivered: payment in advance: failure to deliver: measure of damages.

3. PLEADING: reply to counter-claim: practice.

4. ATTACHMENT: excessive levy: motion to release: evidence on appeal.

value of more than $13,000.   He filed a motion for an order that all attached property in excess of $1,200 in value be released.   The court made an order that one-half in value of the property be released.   The defendant excepted to the ruling, and now assigns the ruling as error.   The abstract shows two affidavits in relation to the value of the attached property. Whether these affidavits constituted all the evidence we do not know.   The bill of exceptions set out does not purport to contain these affidavits, or any other evidence upon this point. We may say further that the affidavits set out in the abstract purport to show only what the property is worth, and not what it is worth above incumbrances.·  We cannot say, therefore, that the court erred in not fully sustaining the plaintiffs' motion.

IV.   The defendant moved for a new trial on the ground of newly-discovered evidence, and his motion was overruled.

5. NEW trial: newly discovered evidence : diligence: One of the plaintiffs testified upon the trial to certain facts as constituting the ground upon which they based their right to an attachment. The defendant claims that he has discovered evidence by which he could rebut the testimony respecting the grounds of attachment.   But he does not show that he exercised any diligence to discover upon what facts the plaintiffs relied, or the evidence alleged to be newly-discovered.   We think that the motion was properly overruled.

The foregoing views cover, we think, substantially all the assigned errors argued by the defendant in his opening argument, and the judgment of the district court must be

AFFIRMED.