R. H. JOHNSON, ET AL., Plaintiffs, v. D. G. JOHNSON, ET AL., Defendants and Appellants.

A. H. MCCREIGHT, Intervenor and Appellee.

Partnership: DISSOLUTION: PAYMENT OF CLAIMS. A creditor may come into a suit between partners for the dissolution and settlement of the partnership, in which a receiver has been appointed and with whom he has filed his claim, and show that his unchallenged claim is being ignored in the distribution of assets and obtain an order directing a pro rata payment thereof, and it is no objection that his pleading is styled a " petition of intervention."

*Appeal from Webster District Court.*— HON. J. R. WHIT-
AKER, Judge.

WEDNESDAY, JUNE, 6, 1906.

REHEARING DENIED, THURSDAY, NOVEMBER 22, 1906.

ACTION in equity for the dissolution of a partnership
and for an accounting. A. H. McCreight came into the
action by filing a petition of intervention. The defendants
first moved to strike such petition, and, this being overruled,
they filed demurrer, and this in turn was overruled. De-
fendants elected to stand on their motion and demurrer, and,
judgment having been entered, they appeal. *Affirmed.*

*Kenyon & O'Connor,* for appellants.

*Mitchel & Hackler,* for appellee.

BISHOP, J.— A somewhat lengthy statement seems in-
dispensable to an understanding of the situation. The plain-
tiffs, R. H. and Andrew F. Johnson, and the defendants,
D. G. and Wm. Johnson, were partners doing business near
Ft. Dodge as manufacturers and dealers in brick, tile, etc.,
under the name of " Johnson Bros. Clay Works." Personal
differences arising out of the conduct of the business led to
the commencement of this action on October 26, 1903, for a
dissolution of the partnership, an accounting, and final set-
tlement. The defendants appeared and answered, among
other things admitting the existence of insuperable differ-
ences, and praying substantially as did the plaintiffs. By
consent of all parties one Newton was appointed a receiver
of the property of the partnership, and, having qualified, he
went into possession. On February 12, 1904, the court
entered an order directing the receiver to sell the assets of
the partnership, except a leasehold interest held by it and
respecting which a controversy was pending as between the

partnership and its lessor; further, that he ascertain the facts as to the indebtedness of the partnership, taking such evidence as might be necessary, and, after making sale of the property, that he pay off and cancel such indebtedness. No sale, however, was made pursuant to such order. On April 12, 1904, the intervener, McCreight, filed his petition in said action, setting up the fact that he was a creditor of the partnership and stating the character and amount of his claim. The prayer of his petition was that the receiver be ordered to pay such claim. It is conceded that no notice of the filing of this petition was served either upon the principal parties or the receiver. So, too, it does not appear that the attention of the court was called thereto in any way until long after, and under the circumstances presently to be stated.

On April 13, 1904 there was filed in said action a stipulation for settlement as between the principal parties. Among the provisions thereof those material to be considered are these: The defendants "shall and do hereby purchase of the plaintiffs all their interest in and to the partnership property and assets," and shall pay all obligations of the partnership. The plant shall be turned over at once to defendants, they to have full control and management, except as to the duties of James Flaherty, which are specified to be as follows: Said Flaherty "shall be, and is hereby, appointed an assistant receiver," and it shall be his duty to collect all moneys coming through the operation of the plant, and after paying expenses of operation he shall pay 50 per cent. of the balance upon the indebtedness of the partnership; each creditor to receive his proportionate share thereof, and the remaining 50 per cent. to be paid to plaintiffs. It is then provided that the receiver, Newton, shall make his final report, turn over the property to Flaherty, and be discharged. And it declares that the partnership, "is hereby dissolved and settled as specified in this stipulation." On February 22, 1905, the intervener, McCreight, served notice

upon all parties, plaintiffs and defendants, and the receiver, Flaherty, of his petition of intervention, and later he amended his petition, setting up that his claim had been filed with Newton, as receiver, who had listed the same with the other claims and reported the same to the court. He then calls attention to the stipulation for settlement filed, to the appointment of Flaherty, and points out that the latter is acting under such stipulation. The allegation follows that payments have been made from time to time upon claims of creditors filed, but that nothing has been paid to him, said intervener. The prayer is for judgment against the partnership and the individual members thereof, and that payment by the receiver be ordered.

To the petition as amended the defendants addressed a motion to strike based upon the grounds: (1) That before notice of the petition the partnership had been dissolved, and its affairs settled and approved, as shown by the stipulation on file and the proceedings of record; (2) that, while Flaherty is acting under an order of court, his receivership is a limited one, and continued only to carry out the agreement between plaintiffs and defendants, and not for or on behalf of creditors; (3) that the matters set up in the petition are not germane to the issues formerly joined in this case; (4) the remedy of the intervener is to institute a separate suit against the partnership and the individual members thereof for the adjustment of his claim. Upon being submitted to the court, the motion was overruled. A demurrer to the petition followed, in which reference was made to all the filings and proceedings in the case, and grounds were assigned as follows: (1) That the petition was filed too late and should be dismissed; (2) the effect of the petition is to work a misjoinder of parties and causes of action; (3) the petition shows affirmatively that intervener has no interest in the subject-matter of the original suit, or that would entitle him to intervene; (4) intervener is not entitled to any equitable relief on the fact stated, for that on

the basis of such facts he has a plain, speedy and adequate remedy at law; (5) the petition on its face is without equity. The demurrer was overruled, and, the defendants electing to stand upon their motion to strike and demurrer, and refusing to plead further, judgment was entered as prayed in the petition.   The appeal is from the several rulings referred to and the judgment.

Whatever may have been a correct ruling, had the motion to strike been presented as of the day when the original petition of intervention was filed, it is clear to our minds that the ruling as made under the changed condition of affairs was a proper one.   Considering the situation as of the time when the ruling was made it will be observed that the allegations of the petition are that intervener is a creditor and that his claim had been duly filed with and listed by the receiver.   That he was a creditor in fact was in no way challenged by matter of record.   Moreover, the motion must be taken as making admission of the fact as alleged.   Aside from the demand for judgment, then, the effect of the petition was no more than to call the attention of the court to the failure on the part of Flaherty to carry out the provisions of the stipulation under which he was appointed, and to request an order looking to compliance.

But counsel for appellant say, in argument, in the first place, that Flaherty was a mere agent of the parties, and not an officer of court or subject to its orders; and, in the second place, if an officer of court, there was no authority to direct him in respect of the matter of making payment of the claim of intervener.   These contentions are not tenable.   As disclosed by the pleadings, one purpose for which the jurisdiction of the court was invoked was to secure satisfaction of the firm debts out of the firm property.   The better to secure this a receiver was appointed, who went into possession. Early in the proceedings, a sale of the firm property was ordered, and payment of the debts, listed or ascertained, from the proceeds coming into the hands of the receiver was

directed, and such order, if not procured to be entered by defendants, at least met with their approval. It may be remarked, in this connection, that a sale was not made for want of bidders. Now, without doubt, the stipulation for settlement was entered into for the benefit of the creditors, several of whom, in addition to McCreight, had intervened in the action, as well as for the benefit of the principal parties. To better secure payment to the creditors, and of the amount agreed to be paid plaintiffs, the "assistant receiver," so called, was agreed upon. We are not concerned about finding a definition to fit the term thus used. Certain it is that, upon the plan being presented to the court, it was approved, and, Flaherty having given bond as required, Newton was ordered to turn the property over to him. Thereafter the case was continued on the docket to await results. In our view, what was thus done amounted to no more than a substitution of receivers, with directions to the later one to proceed in accordance with the plan outlined in the stipulation; and from this it follows that jurisdiction remained in the court, not only to require an accounting at the hands of such receiver, but to entertain complaints made and filed in the action by any person interested respecting his conduct. A creditor of the partnership is a person interested in the distribution of the assets thereof by the court through the medium of a receiver, and this is true by all the authorities. We cannot perceive of any reason, therefore, why the court may not listen to the complaint of a creditor who comes into the action and points out that his claim, duly listed with the receiver and remaining unchallenged as to its validity, is being ignored in making distributive payments; and it would be absurd to turn him away simply because the court finds his application styled a "petition of intervention."

Substantially the same questions were raised by the demurrer as by the motion to strike. It is no part of the argument of counsel for appellants that the petition, con-

sidered as properly filed in the case, does not state sufficient grounds of complaint. This being true, the demurrer was properly overruled. The judgment entry ·is not challenged in argument as to the form or provisions thereof.

Finding no error, the judgment must be, and it is, *affirmed.*