IN RE ASSIGNMENT OF O. D. CUDDY, W. H. YOUNG, Assignee, Appellee, v. BECKER, MAYER & CO., Appellants, and HARRIS & CUDDY, and HEDRICK STATE SAVINGS BANK, Appellees.

**Chattel mortgages:** DEFECTIVE DESCRIPTION : POSSESSION BY MORTGAGEE : EFFECT. In this case the description of a stock of merchandise as contained in a chattel mortgage is held sufficient to cover the property in controversy, aside possibly from the books of account and notes involved, and as to these the mortgagee took possession prior to any right thereto of the mortgagor's assignee for the benefit of creditors, and thus any defect in the description in this respect was cured.

**Same:** ASSIGNMENT FOR THE BENEFIT OF CREDITORS : RIGHTS OF CREDITORS. The general creditors of a mortgagor under an assignment for the benefit of creditors have no greater rights in the mortgaged property, which has been turned over to the mortgagee, than the mortgagor would have had.

**Same:** EXECUTION OF INSTRUMENTS : PLEADINGS : WAIVER OF FORMAL PROOF. Where the execution of a chattel mortgage and note is properly alleged in the pleadings and not attacked by the adverse party, but he merely alleges a defective description of the property in the mortgage, and the estoppel of the mortgagee to rely upon the mortgage, further proof of the execution of the note and mortgage is not necessary.

**Assignment for the benefit of creditors:** RIGHTS OF ASSIGNEE. An assignee for the benefit of creditors is an officer of the court, and

may apply to the court for any order which he desires made in the administration of his trust.

**Appearance:** WAIVER OF OBJECTION TO PROCEEDINGS. A party who voluntarily appears in a proceeding and is accorded his day in court, can not thereafter object to the sufficiency of an order made therein by the court, or to the notice of the hearing.

**Continuance:** ABSENCE OF WITNESS: DISCRETION. Where the execution of a chattel mortgage was admitted and the record thereof offered in evidence, in proceedings for an order directing the assignee of the mortgagor for the benefit of creditors to turn the mortgaged property over to the mortgagee, and the trial court found that the property was insufficient to satisfy the mortgaged debt and ordered its delivery to the mortgagee, refusal to continue the hearing, because of the absence of the mortgagor, for the purpose of showing when the notes secured by the mortgage were executed and whether there were other debts made after the execution of the mortgage, and to show the agreement between the mortgagee and the mortgagor, was, in view of the showing made for the continuance, within the discretion of the court and was not erroneous.

*Appeal from Keokuk District Court.*—HON. W. G. CLEMENTS, Judge.

SATURDAY, FEBRUARY 19, 1910.

APPEAL from an order of the district court to an assignee for the benefit of creditors to turn over certain property to the mortgagees of the assignor.—*Affirmed.*

*C. D. Burkheimer* and *C. M. Brown,* for appellants.

*C. C. Heninger,* for appellee, assignee.

*Tally & Hamilton,* for appellees, mortgagees.

DEEMER, C. J.—On the 11th day of January, 1909, one W. O. Cuddy, who had theretofore been engaged in business at the town of Hedrick in Keokuk County, Iowa,

for a number of years, made an assignment to one W. H. Young for the benefit of his creditors. Young immediately accepted the assignment, and, discovering that the goods assigned were heavily mortgaged, he at once made application to Hon. W. G. Clements, one of the judges of Keokuk County, for an order to turn the mortgaged goods over to the mortgagees. Judge Clements made an order that the matter be heard at the coming February term of the Keokuk County district court, notice thereof to be given by one publication in a newspaper at least five days prior to the hearing. At the time so fixed certain general creditors, among whom were appellants herein, appeared and filed objections against turning the mortgaged property over to the mortgagees. The mortgagees were also brought in, and they joined with the assignee in asking that the property be turned over. They admitted the making of the mortgage to them, and joined with the assignee in asking a delivery of the property. The general creditors filed a motion to postpone the hearing in order that they might secure the testimony of the assignor, Cuddy; but this was denied and exception taken. The application was then submitted to the court, resulting in an order on the assignee to turn over the mortgaged property. From the order so made, the general creditors appeal.

I. One of the points relied upon for a reversal is that the description of the mortgaged property as set forth in the mortgage was insufficient to cover the property turn-

1. CHATTEL MORTGAGES: defective description: possession by mortgagee: effect.

ed over to the assignee. That description is as follows: "All of my stock of merchandise consisting of clothing, hats, caps, trunks, valises, gents' furnishing goods, and all other articles of merchandise, including store furniture and fixtures now owned and kept by me for sale in the one story brick building situated on Lot No. 13 in Block No. 7 in the town of Hedrick, Iowa. Also on all

goods and merchandise that may be added to said stock from time to time by me in the future, also book accounts, notes and evidence of debt due and owing to me at this time, or that may be made in the future in the usual course of trade." Beyond question this description was sufficiently definite to cover all the property, unless it be the books of account, notes and other evidences of indebtedness. As to these, the testimony shows that the mortgagees took actual possession of the books of account and notes belonging to Cuddy, and attempted to be covered by the mortgage the day before the assignment was executed. This cured any defect in the description, even if it be conceded that the description would otherwise be insufficient. *Kelley Maus Co. v. Andrews,* 102 Iowa, 119.

Appellants were nothing more than general creditors when the mortgagor turned this property over, and they

2. SAME: assignment for benefit of creditors: rights of creditors.

have no greater rights through the assignee than the assignor would have had. *In re Wise,* 121 Iowa, 359; *Kelley* case *supra; Meyer v. Evans,* 66 Iowa, 179.

II.   It is said that, as the mortgagees made no proof of their notes and mortgages or of any indebtedness to them from Cuddy, the order was erroneous. These par-

3. SAME: execution of instruments: pleadings: waiver of formal proof.

ties were brought into the case by order of court upon the assignees' application for an order to turn the property over to them. In the application the fact of the making of the notes and mortgages was set out, and the mortgagees, when they came in, admitted the making thereof. The objectors to the application did not deny the making of the notes or mortgages and in no way attacked the same, save as they pleaded insufficiency of the description and an estoppel on the mortgagees from relying upon their mortgages. It will thus be seen that the making of the notes and mortgages was admitted, and no further proof thereof was required.

III.  The assignee for the benefit of creditors was an officer of court, and had the right to apply thereto for any order which he might care to have made in the administration of his trust.  Code, section 307; *Hamilton v. Mercer*, 84 Iowa, 537.

4. ASSIGNMENT FOR BENEFIT OF CREDITORS: rights of assignee.

IV.  The trial court made an order for the hearing in a county other than the one where the assignment proceeding was pending, and this is complained of.  Suffice it to say in answer to this that the hearing was had in Keokuk County, and that the appellants, who are now raising the point as to the sufficiency of the order for the hearing and notice, voluntarily appeared in the proceeding, and had their day in court.  This cured the defects, if there were any, in the prior proceedings.  The trial court had jurisdiction both of the persons and of the subject matter, and any prior defects in the proceedings were waived.

5. APPEARANCE: waiver of objection to proceedings.

The matter of the postponement of the hearing was within the sound discretion of the court.  The application therefor was based upon the absence of the assignor, Cuddy, whose testimony the appellants said they were desirous of having.  In the showing made for the postponement it appeared that Cuddy was in Des Moines, but a few hours' ride from Sigourney, where the trial was had, and there was no showing of any attempt to secure his presence or his testimony.  Moreover, the showing as to what they expected to prove by the witness is in these words:  "That I can not say what I may be able to prove by W. O. Cuddy, but believe that his evidence will materially aid in solving and reaching the right decision in this case.  That I want to show by him when these notes that are claimed by the mortgagees were executed and whether or not there are any other debts made after the execution of the mortgage, and their consideration, and to show the agreement

6. CONTINUANCE: absence of witness: discretion.

and understanding between the mortgagees and himself before this assignment was made, and where the property is and in whose possession and the terms and arrangements by which said possession was obtained." The affidavit for a continuance further recited: "That I expect to be able to have the presence of Mr. Cuddy here within a short time from this date, and I know of no other witness by which said facts can be so fully proven." No further attempt was made to get this witness. In view of this showing, it is manifest that the trial court did not abuse its discretion in overruling the motion to postpone. The objectors offered no testimony in support of their claim of estoppel, or to establish any other issue in the case. The making of the mortgages was admitted, and, in addition thereto, the record of the same was offered in evidence. The trial court found that the property was not sufficient in value to satisfy the mortgage indebtedness, and ordered it turned over to the mortgagees. This finding has ample support in the testimony.

There is no error in the record, and the orders must each and all be, and they are, *affirmed*.