J. C. FARR, Appellee, v. W. R. HOWERTON, Appellant; ELLA M. CARPENTER, Intervenor.

**STIPULATIONS: Construction.** Stipulation reviewed, and held that the facts therein conceded went to the validity of a judgment *ab initio.*

**APPEAL AND ERROR: Failure to Serve Intervenor.** Failure to serve notice of appeal on intervenor, who prevailed in the trial court, is fatal to the appeal.

*Appeal from Mahaska District Court.*—John F. Talbott, Judge.

November 19, 1918.

Suit to set aside and cancel judgment, and enjoin the execution of a sheriff's deed. Ella M. Carpenter intervened, claiming to own the land. On hearing, decree was entered as prayed. Howerton appeals from the order of court overruling motion for new trial.—*Reversed as to plaintiff; dismissed as to intervenor.*

*David S. David,* for appellant.

*L. T. Shangle* and *D. C. Waggoner,* for appellees.

Ladd, J.—I.  It appears that Joseph Farr, Sr., died testate, seized of certain lands. By the terms of his will, a life estate in all his property passed to his widow, and, upon her death, which occurred September 25, 1916, to the three surviving children, to wit, Joseph Farr, Jr., Jasper C. Farr, and Mary Sexton. It appears that one Nugent obtained judgment for $70 and costs against Jasper C. Farr, December 24, 1901; and on February 18, 1908, this judgment was assigned to the defendant, W. R. Howerton; and later, on September 27, 1916, execution issued, was levied on the plaintiff's apparent interest in the land; and on October 25th following, the same was sold by the sheriff in satisfaction of said judgment to said Howerton. The petition, in addition to these facts, alleged that, unless restrained, the sheriff would execute sheriff's deed, and prayed that he be enjoined from so doing; that the judgment be cancelled; and that title be quieted in the plaintiff, for that, as was alleged:

1. Stipulations: construction.

"Howerton procured said assignment by reason of the fact that said judgment was claimed by said Nugent on a landlord's lien, which was a lien on certain personal prop-

erty prior and subsequent to the claims that said Howerton owned and held against the said property, and said W. H. Howerton has acquired said landlord's lien and converted all of said property to his own use and benefit, in satisfaction of said landlord's lien, and the said judgment was thereby satisfied."

An amendment alleged that, at the time of the rendition of judgment, there was nothing due Nugent from Farr. The answer put these last allegations in issue.

In support of the issues so raised, the parties stipulated that the action was aided by a landlord's attachment, which was levied on a stock of groceries previously sold by Farr to Howerton; that the latter paid Nugent the amount of rent and costs of the suit, in order to release the levy of the attachment, and the goods were released; that Nugent took judgment for $70 and costs, December 24, 1901. The facts so stipulated do not warrant the conclusion that defendant converted the property levied on, or that the judgment was ever paid; and the judgment entered was conclusive evidence that something was owing. The facts stipulated went to the validity of the judgment *ab initio*, rather than to whether it had been satisfied or cancelled, as alleged in the petition. The insufficiency thereof was made a ground for new trial in appellant's motion therefor, and it should have been sustained.

II. On February 8, 1917, Ella M. Carpenter filed a petition of intervention, saying that she was owner of the premises in controversy, and had been such since September 9, 1916; that the judgment was not then a lien upon the property; that the levy and sale created a cloud on her title; and that she joined in the allegations of the petition in asking that the sale be set aside, and that the title be quieted in her, as against the judgment and certificate of sale.

2. APPEAL AND ERROR: failure to serve intervenor.

The decree set aside the sale, and quieted title in her as owner, against Howerton. Though the motion for new trial asked that this be set aside, notice of appeal was not served on the intervenor. This was essential to a review of the ruling of the court. Section 3594 of the Code provides that the intervenor may join the plaintiff in claiming what is sought in the petition, or unite with the defendant in resisting such claim, or demand something adverse to both plaintiff and defendant. Here, the intervenor joined the plaintiff, in asking that the sale be set aside, and sought relief adverse to both, by praying that the title to the land be quieted in her. Under Section 4114 of the Code:

"An appeal is taken and perfected by the service of a notice in writing on the adverse party, his agent, or any attorney who appeared for him in the case in the court below, and also upon the clerk of court wherein the proceedings were had, stating the appeal from the same, or from some specific part thereof, defining such part."

Parties, to be adverse, are not necessarily plaintiff or defendant, but are those having adverse interests in the litigation. The intervenor claimed that the sale should be set aside, and title quieted in her. This relief, if granted, necessarily defeated the defendant's claim, as purchaser under the execution; and, in the sense contemplated by statute, the intervenor was an adverse party, and must have been given notice. Were the decree of the district court to be reversed as to her, she must redeem from the judgment sale, or lose her land through the execution of a sheriff's deed. Because of not making her a party to the appeal, that portion of the decree, in so far as it affects her, cannot be reviewed. She was not a coparty, and for that reason the motion to dismiss, based on failure to serve a coparty with notice of appeal, need not be considered.

As intervenor is not before the court, only that portion of the decree cancelling the judgment against Farr is

considered.—*Reversed as to Farr; dismissed as to Carpenter.*

PRESTON, C. J., EVANS and STEVENS, JJ., concur.