IN RE ASSIGNMENT FOR BENEFIT OF CREDITORS OF HORACE C. LOUNSBERRY.

DES MOINES NATIONAL BANK, Appellant, v. LELAND BATES, Assignee, Appellee.

No. 39393.

JUNE 24, 1929.

598

*Carr, Cox, Evans & Riley* and *Addison & Smedal,* for appellant.

*Welty & Soper, Harry Langland,* and *C. G. Lee,* for appellee.

MORLING, J.—I. Objection is made to the jurisdiction of this court, for the reason that the notice of appeal is not addressed to any of the objectors except the assignee. The notice is addressed "to Leland Bates, assignee, and C. G. Lee, attorney for Leland Bates, assignee, and Welty & Soper, attorneys for Leland Bates, assignee," and to the clerk of the district court, and to none other. It reads: "You and each of you are hereby notified that the Des Moines National Bank, claimant, above named, has appealed" from order entered January 23, 1928, denying claimant's application, and asking for order directing the assignee to recognize its claim, and granting time within which to file its claim, and from all adverse rulings. "You and each of you are further notified that said cause will come on for hearing at the next" term, etc. The notice is not addressed to any of the objecting creditors, or to any of their attorneys. It nowhere, not even in the title, names or refers to the objecting creditors or their objections. The notice bears acceptance of service, which is signed in the name of the assignee, by his attorneys, is signed by the clerk, is signed in the name of one of the objecting creditors, by his attorney, and signed by the attorneys for other objecting creditors, as such attorneys. No exception was taken to the objections filed by the creditors, or to the right of such creditors to appear and to object and to be heard. They were heard. The estate is insolvent. If the appellant's claim is not allowed, the recognized creditors will receive but a small fraction of the amount of their claims. This fraction will be considerably reduced by the allowance of the claim of the Des Moines National Bank. Appellant in argument says that it "has nowhere contended that the parties moving to dismiss were not interested in the appeal; but appellant has contended, and still contends, that the interests of all the creditors and claimants in this estate are and have been fully represented and protected by the assignee for the benefit of creditors, and the service of the

notice of appeal upon the assignee, such notice having been addressed to him, is sufficient * * *."

It may be conceded that it was the duty of the assignee to appear and resist the appellant's application, at least if the assignee believed that such application ought not to be sustained. It is provided by Section 12730, Code of 1927:

"Any person interested may appear within three months after such report is filed and contest the claim or demand of any creditor by written exceptions thereto filed with the clerk, who shall forthwith cause notice thereof to be given to the creditor, * * * returnable at the next term, at which term the court shall proceed to hear the proofs and allegations of the parties in the case, and render such judgment thereon as shall be just * * *."

By express statute, therefore, the creditors whose claims were allowed, and who were, therefore, interested, were given the right to make themselves parties to the proceedings and contest  appellant's claim. They were not left dependent upon the assignee, or upon his exercise of his duty. They had the statutory right to appear and contest, and to contest on their own account, and in their own right and interest. *Reard v. Freiden,* 184 Iowa 823; *Johnson v. Johnson,* 132 Iowa 457.

The assignee had no right to control their objections,—no right to dismiss or prejudice them or interfere with the proceedings thereon, or to obstruct rendition of judgment on them. The judgment sustained the creditors' own objections, as well as the objections made by the assignee, and was *pro tanto* the objecting creditors' judgment. The assignee in this state has the status of an officer of the court, analogous to that of a receiver. *In re Assignment of Cuddy v. Becker, Mayer & Co.,* 146 Iowa 250, 254; *Hamilton-Brown Shoe Co. v. Mercer,* 84 Iowa 537. He is at all times subject to the order and supervision of the court, and has little discretionary power. Code of 1927, Section 12735; *Hamilton-Brown Shoe Co. v. Mercer,* 84 Iowa 537, 540. Obviously, the court would not undertake to limit or restrict the right of creditors to make contest and control their own proceedings expressly given to them by Section 12730. The objectors (with the assignee) thereby procured a judgment which would finally bar the Des Moines National Bank from participating in the already

deficient fund which the assignee held for distribution among the objectors and other creditors. The appellant's claim and application were against the fund in the hands of the assignee for distribution, which, on the face of the record, belonged to the creditors, including the objectors, whose claims had been allowed, and in which, on the face of the record, the Des Moines National Bank had no right to participate. Peterson, the Pocahontas Coal Company, and other objectors were parties to the litigation, adverse to the appellant. *Farr v. Howerton,* 184 Iowa 1049, 1052. They were present, objecting, resisting in their own persons, as they had the right to be, not only under the general intervention statute, but by the specific provision of Section 12730. A reversal of the judgment would adversely affect their rights, and service of notice of appeal upon them was essential to the jurisdiction of this court. *Farr v. Howerton,* 184 Iowa 1049, 1052; *Fairchild v. Plank,* 189 Iowa 639, 650; *Hafer v. Medford & C. L. R. Co.,* 60 Ore. 354 (117 Pac. 1122, 119 Pac. 337). It probably would not be denied that, if the decision had been adverse to them, they would have had the right to appeal. *Andrew v. Sac County State Bank,* 205 Iowa 1248; *In re Attorney-General v. North America Life Ins. Co.,* 77 N. Y. 297.

Appellant argues that the notice of appeal was, in fact, served upon the objectors, because the acceptance of service was signed by their attorney, and that the address in the notice of appeal is required only for the purpose of guiding the officer in making service and of identifying the party to be served. In a case involving the sufficiency of notice of expiration of time for redemption from tax sale, this was given as one of the reasons for requiring notice to be addressed, but it was not the only reason. *Steele v. Murry,* 80 Iowa 336. See, also, *Pilkington v. Potwin,* 163 Iowa 86. If the notice must, as to the officer serving it, furnish its own evidence of whom it is meant for, if the officer is entitled to have the notice itself designate the party entitled to it, and upon whom it is to be served, how much more is the one for whom it is intended, and whose rights are to be affected by it, entitled to require that the notice furnish such information. But the point has been ruled against appellant's contention in *In re Estate of Anderson,* 125 Iowa 670. See, also, *Fairchild v. Plank,* 189 Iowa 639; *Sleeper v. Killion,* 166 Iowa 205, 211. When notice is required to be given to one to put him to taking

measures for the protection or defense of his right or claims, on penalty for neglect of having them cut off, the notice must be such as to show on its face, both to him and to those who are required to act upon it, or to decide whether the requisite notice has been given, that it is intended to be notice to him. Any other rule would be fatal to due process, and leave questions of jurisdiction to conjecture. It is not disputed, and must, we think, be conceded, that the objecting creditors were adverse parties in their own right, and entitled to notice of appeal. The assignee was not, for the purpose of the objections which they filed, and the judgment thereon which they had obtained, their agent or representative. Objecting creditors had seen fit not to intrust their case to the assignee. The court cannot hold that they nevertheless are bound as to their proceedings by notice to the assignee. If this notice had been handed to the sheriff, the sheriff would not, by reason of anything appearing on it, serve it on objecting creditors. A court inspecting it could not hold that it was notice to these objectors. That it was served on them cannot give it content which it does not otherwise possess. It is the sufficiency of the notice, and not the sufficiency of the service of a paper claimed to be a notice, that is in question here. The notice itself is fatally defective, is, therefore, no notice, and the actual service of such a paper on the party who was entitled to notice cannot avail appellant as service of notice. *Sleeper v. Killion,* 166 Iowa 205; *Farmers' State Sav. Bank v. Town Council,* 199 Iowa 1275; *Jensen v. Adlum,* 201 Iowa 1042. It is the well established law of this state that a notice on which depends jurisdiction in the first instance of a board or court, or jurisdiction on appeal, must be so addressed and framed as to unequivocally disclose the party for whom it is intended and who is to be affected by the proceeding. The address may, in a particular case, be sufficient if to the attorney of the adverse party; but, to be so, the notice must be so drawn as to unequivocally disclose an intent to notify the party through his attorney. *Stevens v. Peoples Sav. Bank,* 185 Iowa 619. If the notice required is in reality to a municipality, though required to be served upon a named official, it may properly be addressed to the municipality, or to the municipality or its therein named attorney. *Lundy v. City of Ames,* 201 Iowa 186. It is the municipality that is to be affected. *Western Asph. Pav. Corp. v. City of Marshalltown,* 203

Iowa 1324. In some cases, notice is required, not for jurisdictional purposes, but to give information; and in such cases, the absence of address is not fatal. *Blackmore v. City of Council Bluffs,* 189 Iowa 157; *Neeley v. Incorporated Town of Mapleton,* 139 Iowa 582. The clerk of this court is required to be served with notice of appeal, but he has no interest in the proceeding, and will not be affected by it. The object of requiring service on the clerk is to convey information of the appeal. Therefore, the notice need not be addressed to him. *Bloom v. Sioux City Traction Co.,* 148 Iowa 452. Appellant argues that the motions here do not ask in the alternative for a dismissal or for affirmance, but are an attempt to elect only a dismissal, and the moving parties have thereby "placed it beyond the power of this court to exercise its discretion or consider the motions." But the question here raised is one of jurisdiction, not one of discretion. If the court had obtained jurisdiction, and the motions were to affirm or dismiss for a subsequently accruing reason, such as failure to file abstract in time, we would have a different question. *Newbury v. Getchell & Martin Lbr. & Mfg. Co.,* 106 Iowa 140; *Pilkington v. Potwin,* 163 Iowa 86, 96; *Cheyney v. Board of Supervisors* (Iowa), 222 N. W. 899 (not officially reported).

Appellant argues that the objection made is purely technical; that the attorneys accepting service had no doubt as to the identity of the parties intended to be notified, or that they represented such parties. When a court or board is asked to undertake a proceeding which may affect the rights of others, those whose rights may be thereby affected must be brought before it in the manner which the law prescribes. The law determines what shall constitute notice. It may, in a popular sense, be said to be technical to require a written notice. It may, in such sense, seem to be technical to require the notice to be signed, or to require the copy left with the adverse party to show signature. It may seem technical to say that notice served on "Frank Geneva" does not confer jurisdiction if addressed to "Frank Genero." In these and other cases, however, the alleged notice, or the mere giving of such verbal information, or the service of such a paper, is not, in the eyes of the law, notice. *Hoitt v. Skinner,* 99 Iowa 360; *Geneva v. Thompson,* 200 Iowa 1173; *Jensen v. Adlum,* 201 Iowa 1042. If the creditors had not appeared and filed objections in their own behalf, but had permit-

ted their defense to be made by the assignee, if they had not availed themselves of their right to make themselves parties, we would have a different question. *In re Estate of Caldwell*, 204 Iowa 606; *Andrew v. Sac County State Bank*, 205 Iowa 1248.

Aside from statute, the general rule is that all parties who are interested in having the judgment sustained, or whose interests will be necessarily affected by a reversal, must be made appellees. 3 Corpus Juris 1014. In the application of this rule, it was held by a divided court in *Koppel Industrial C. & E. Co. v. Lee*, 3 Fed. (2d Ser.) 886, that general creditors, though they had filed objections to appellant's claim, were sufficiently represented by the receiver. Compare *Seaboard Nat. Bank v. Rogers Milk Prod. Co.*, 16 Fed. (2d Ser.) 271. But in this jurisdiction, by force of statute, notice of appeal must be served "on the adverse party." Section 12837. Any party who would be prejudiced by a reversal is an adverse party, upon whom notice must be served, or the court will be without jurisdiction. *State Sav. Bank v. Guaranty Abst. Co.*, 181 Iowa 1378; *Taylor v. Woodburn Bank*, 198 Iowa 772; *Hafer v. Medford & C. L. R. Co.*, 60 Ore. 354 (117 Pac. 1122, 119 Pac. 337).

II. Though dictum, we may say that it appears to us that the court properly denied the appellant's application for recognition of its claim, and for extension of time within which to file it.—*Dismissed.*

ALBERT, C. J., and FAVILLE, DE GRAFF, KINDIG, WAGNER, and GRIMM, JJ., concur.