## HEFFERMAN *v.* BURT.

An attorney may be employed in anticipation of a suit to be brought, and when thus employed, his client will be bound by his stipulations in relation to the same, to the same extent as if he had stipulated after the suit instituted.

After an attorney, who has made a stipulation in anticipation of a suit, has appeared to the action, and the court below, by rendering judgment, has recognized his right to appear; and after the defendant himself, by paying a portion of the judgment thus rendered against him, and by entering into a written agreement for the delivery of property to satisfy the execution issued thereon, has recognized the right of the attorney to appear for him, he cannot, on appeal, object to the regula.ity of the proceedings so far as the appearance of the attorney is concerned.

Where in an action on a promissory note, it was assigned for error, that the court rendered judgment without the production of the note, and the record did not disclose what testimony was offered in the court below; *Held,* That the appellate court must presume that the evidence was sufficient, and could not presume that the note was not produced.

A plaintiff cannot recover a greater sum than is claimed in his petition with interest thereon from the time of the commencement of the suit to the time of the rendition of the judgment.

*Appeal from the Lee District Court.*

FRIDAY, DECEMBER 10.

Suit upon a promissory note. Attached to, and following the plaintiff's petition, is the following agreement:

" As attorney of B. C. Burt, I hereby agree to appear to the foregoing petition, without further notice, waiving the same. I also agree that this petition may be filed at any time within the coming term of court, and have the same force as if filed ten days before the term.

                    J. A. GOODRICH, Att'y. for R. E. Burt.
September 15th, 1857.

The petition was filed October 20th, 1857, and on the 23d, the plaintiff appeared by attorney, and the defendant, by Goodrich, his attorney, and submitted the cause to the court. Judgment was rendered for plaintiff, upon which execution was issued. Defendant paid the sheriff a por-

tion of this judgment, and entered into a written agree-
ment with plaintiff's attorney, in relation to turning out
certain personal property in satisfaction of the execution.
The petition claims the sum of $170 6-100, as money due
upon a note, with interest, following the form given in the
Code.   The judgment is for $188 94-100.   Defendant ap-
peals.

*J. M. Beck*, for the appellant.

*F. Semple*, for the appellee.

WRIGHT, C. J.—Three errors are assigned.   *First.*- That
Goodrich could not make the agreement attached to the
petition, so as to place the defendant in court; and that
his appearance under it, could not give the court jurisdic-
tion of the defendant's person.   If Goodrich was, in fact,
the attorney of defendant, and had been employed and re-
tained by him, in relation to this particular case, he could
make the agreement.   An attorney may be employed in
contemplation of a suit to be brought, and when thus em-
ployed, his client would be bound by his stipulation in re-
lation to the same, to the same extent as if he had stipula-
ted after the suit was instituted.   On appeal, after the
attorney making the stipulation has appeared to the action
—after the court below, by rendering the judgment, has
recognized his power to thus appear—and after the de-
fendant himself, by praying a portion of the judgment and
entering into a written agreement for the delivery of prop-
erty to satisfy the execution, has recognized the right of
the attorney to appear for him, we are not prepared to say
that he can object to the regularity of the proceedings in
this respect.   *Prima facie*, he is concluded by the agree-
ment.   If the attorney did not have the power, or the
right to make the agreement, the remedy of the defendant
lies in a different direction.   He might enjoin the collection
of the judgment, or hold the attorney responsible for all
damages resulting from his unauthorized act; but upon

the record, as it stands in this case, he would, upon appeal, be concluded.

*Second.* That the court rendered judgment without ev-idence, or rather without the production of the note upon which the suit was brought. There was no answer. What testimony was offered, does not appear. We must presume that it was sufficient. We will not presume that plaintiff did not produce his note. *Brady* v. *Malone*, 4 Iowa, 148.

*Third.* That the judgment is for a larger amount than is demanded in the petition. This is true. The plaintiff was entitled to no more than the amount claimed, with interest thereon from the time of the commencement of the suit to judgment. *Haven & Birch* v. *Baldwin*, 5 Iowa, 503; *Butcher* v. *Brand*, 6 Ib., 235. To the extent of the excess, the judgment is reversed, and in other respects affirmed.