## PRINCE v. GRIFFIN.

1. DECREE: PRESUMPTION IN FAVOR OF DECREE. Every presumption obtains in favor of the validity of a decree rendered by a court of general jurisdiction; unless such presumption is rebutted by what appears affirmatively on the face of the record.

2. SAME: ACCEPTANCE OF SERVICE BY ATTORNEYS. A decree of foreclosure rendered in a cause upon an acknowledgment of service of original notice by attorneys held not to be void upon the face of a record which was silent as to their authority to accept such service.

*Appeal from Dubuque District Court.*

FRIDAY, JUNE 24.

ACTION to recover possession of real property. Both parties claim in fee. Upon the trial, plaintiff showed title in one A. McDaniel, and then offered in evidence the record of a foreclosure suit, in which one Fred. W. Prince was plaintiff, and L. W. Jackson, the said *A. McDaniel et al.*, were defendants, in which suit a mortgage was foreclosed upon the property in dispute.

Defendant objected to the introduction of this evidence on the ground that the court which rendered the decree in foreclosure had *no jurisdiction* of the persons of the defendants. The objection was sustained, and plaintiff excepted. As this ruling precluded plaintiff from putting in evidence her title, her action necessarily failed, and judgment was rendered for defendant. Plaintiff appeals.

*Wm. Mills & Son* and *John L. Harvey* for the appellant.

*Doud* and *Allison & Crane* for the appellee.

DILLON, J.—The court below ruled that the judgment or decree in the foreclosure suit of F. W. Prince, against *Jackson, McDaniel et al.*, was wholly *void*, and, of course, as being incapable of sustaining a title professing to be derived thereunder. If that decree was void, the rejection of the testimony was right, otherwise, wrong.

It is claimed by the defendants' counsel to be void, because the court which rendered it had no jurisdiction of the person of the said McDaniel. In the foreclosure suit an original notice was issued, and, it appears, indorsed thus: " Service of the within notice accepted; also received copy of petition. Barker, Chapline, Barney & Dillon, attorneys for *A. McDaniel;* Wilson, Utley & Doud, attorneys for W. H. Lee & Co.; L. W. Jackson and Margaret Jackson, John L. Harvey their attorney."

None of the defendants appeared to the action, and the decree of foreclosure was by default; the decree reciting that "it appeared to the Court that due personal service had been had upon each and all of said defendants."

We are constrained to the conclusion that the District Court erred in treating this decree as absolutely null and void. The defendants' counsel argue in support of the ruling below, in this wise: the law does not invest an attorney-at-law with power to accept service; consequently the court acquired no jurisdiction, and as there was no appearance, the decree is wholly unauthorized and void. On the other hand, the plaintiff's counsel argues that the District Court, rendering the decree, being a court of superior and general jurisdiction, the decree is conclusive and not liable to a collateral attack, unless it appears from the record itself, expressly or by necessary implication, that the court

had not jurisdiction. We need not examine the argument in detail, or refer to the various authorities cited by counsel on either side, although they have received our careful consideration. We think the question is substantially decided by the cases in this court.

This case is unlike that of *Tunis* v. *Withrow*, 10 Iowa, 305, and many others of a like character to be found in our reports, and which are cited by appellee's counsel in two respects : 1st. In those cases, the service was made by publication, and the law in relation to which mode of service early received (*Broghill* v. *Lash*, 3 G. Greene, 357 ; *Pinkney* v. *Pinkney*, 4 Id., 324; *Lot Two* v. *Swetland*, Id., 465; *McGahen* v. *Carr*, 6 Iowa, 331; *Hodson* v. *Tibbetts*, *ante*), a peculiar construction; and, 2d. In those cases the question as to jurisdiction of the Court, arose either directly on the appeal, or where the judgment or decree was assailed directly by a bill in equity. Here the attack is purely and confessedly collateral.

The question in this case more nearly resembles and falls within the rules and principles laid down and established in *Boker* v. *Chapline*, 12 Iowa, 204; and note remarks of WRIGHT, J., as to the presumptions in favor of validity of judgments rendered by courts of general jurisdiction. And see *Bonsall* v. *Isett*, 14 Iowa, 309.

Taking the rule to be, that every presumption is in favor of the validity of the decree in question, unless this presumption is rebutted by what appears affirmatively of record, the decree was clearly not void, either upon its face or upon the whole record.

This will appear, if we consider that, if the attorneys, (admitted "to be members of the bar in good standing") who accepted service for the said McDaniel, had authority from him to do so, then the decree would, undoubtedly, be binding upon him.

When the notice was returned into court, the presump-

tion was, either that they had or had not such authority. If the former presumption obtained, then the default was regular, without further proof. If, on the other hand, the presumption was, that they had no such authority, then, in this *collateral* proceeding, we are to presume that the Court satisfied itself that they had the requisite authority before it rendered the decree. In other words, every presumption is in favor of the validity of the decree.

Again, McDaniel did not make the objection that the decree was not binding upon him, but it was made by the defendant Griffin, who is an entire stranger to the decree objected to; but, in our judgment, even McDaniel could not make the objection in this collateral way. Without quoting from, we refer to the following cases, in addition to those above cited, as supporting the view taken in this opinion: *Hefferman* v. *Burt*, 7 Iowa, 320; *Humphreys* v. *Same*, Morris, 359; *Denton* v. *Noyes*, 6 Johns., 297; *Pillsbury* v. *Dugan*, 9 Ohio, 118, 120, where it is said that, "where a court of general jurisdiction is required to exercise its powers upon a state of facts to be proved before it, the requisite proof is presumed to have been made, and the existence of the fact cannot be afterwards collaterally questioned." *Smith* v. *Bowditch*, 7 Pick., 137.

Reversed.