## C. J. FROST, Appellant, v. BOARD OF REVIEW OF THE CITY OF OSKALOOSA.

**Notice of Appeal:** FROM ACTION OF BOARD OF REVIEW OF TAXATION: *On Whom to be Served.* Plaintiff appealed from the assessment of the defendant city council, acting as a board of review, and the acceptance of notice of appeal, signed after the board's adjournment, was "J. P. Seibert, Chairman." Code section 1370, makes the city council the reviewing board therein, and section 1373 provides that an appeal may be taken from the action of the board by a written notice to the chairman or presiding officer of the reviewing board........Code, section 658, prescribes that the mayor shall be the presiding officer of the council and that the selection of a chairman *pro tem.* to act in the mayor's absence shall be recorded. At the time plaintiff's assessment was reviewed, the mayor was not in his room, but in the adjoining office, and the meeting was presided over by J. P. Seibert, who had been previously elected chairman *pro tem.*, though such election had never been recorded. *Held*, that the notice of appeal was not properly served within the statute, the mayor being the person on whom service should have been made; and hence the appeal was properly dismissed.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

### FRIDAY, APRIL 12, 1901.

APPEAL from an order of the district court dismissing plaintiff's appeal from the action of the defendant in the matter of his assessment.—*Affirmed.*

· *Liston McMillen* for appellant.

*B. W. Preston* for appellee.

SHERWIN, J.—At the time the matter of plaintiff's assessment was before the defendant, B. V. Seevers was the mayor of Oskaloosa. The sessions of the board were held in the mayor's office, which consisted of a front and rear room. The mayor was present at the opening of each session. He directed the roll call and swore the witnesses when they were sworn at all. He did not remain in the room with the board all the time, but was either there or in his front room when the board was in session. He was not actually in the room when plaintiff's assessment was under consideration, and the plaintiff claims that J. P. Seibert, a member of the city council, was acting as chairman of the defendant board at the time, by virtue of his selection some time before as mayor *pro tem*. Acceptance of the service of the notice of appeal from the action of the board was signed, "J. P. Seibert, Chairman," and this was done after the board had finally adjourned. Section 1370 of the Code makes the council of a city the reviewing board therein. Section 1373 provides that an appeal may be taken from the action of the board "by a written notice to that effect to the chairman or presiding officer of the reviewing board." By section 658 of the Code the mayor of a city is made presiding officer of the council. When acting as a board of review, the council is performing a duty enjoined by law, and the mayor is as much the presiding officer then as at any other time. True, the statute provides for a temporary chairman or other presiding officer in the absence of the mayor, but it also wisely provides that when one is appointed it shall be made a matter of record. There was no selection of Mr. Seibert to act, in the absence of the mayor, at the sessions of the board of review, nor was his selection as temporary presiding officer at any time ever entered of record. Nor do we think the statute contemplates the service of a

notice of an appeal on the person who may happen to be acting as temporary chairman of the board when the particular matter in dispute is disposed of. If this construction were to be given the law, it would result in great confusion and uncertainty. We think the mayor of the city should have been served with notice in this case, and the judgment is affirmed.—AFFIRMED.