H. H. LUNDY, Appellant, v. CITY OF AMES, Appellee.

APPEAL AND ERROR: Notice of Appeal—Proper Addressee. A notice of appeal to the Supreme Court addressed to a municipal corporation by name as the sole adverse party is all-sufficient, and service of such notice on the mayor of the city is likewise all-sufficient, even though the notice is in no manner addressed to the mayor. (See Book of Anno., Vol. 1, Sec. 6064; Sec. 12837, Anno. 31 et seq.)

Headnote 1: 3 C. J. pp. 1212, 1214 (Anno.)

*Appeal from Story District Court.*—H. E. FRY, Judge.

JANUARY 19, 1926.

MOTION by appellee to dismiss the appeal for want of jurisdiction, in that the notice of appeal was served only upon the mayor of the defendant city, and was not addressed to such mayor.—*Motion denied.*

*Lee & Garfield,* for appellant.

*J. Y. Luke,* for appellee.

EVANS, J.—The action in the district court was one for per-

sonal injury against the defendant city, for damages resulting to the plaintiff through negligent maintenance of its sidewalks by the defendant. From a judgment for the city, plaintiff purported to appeal pursuant to the statute. The appellee challenges the sufficiency of the notice to confer jurisdiction upon this court, because it was not addressed to the mayor of the defendant city, either by name or by title, and therefore service upon such mayor or acceptance by him was not effective. The purported notice of appeal was addressed as follows:

"To—The City of Ames, Iowa, or, to J. Y. Luke, its attorney, and to L. E. Davisson, Clerk of the District Court of Story County, Iowa."

Service thereof was accepted by the mayor of the city, as follows:

"Service of the above and foregoing Notice of Appeal with receipt of copy is hereby accepted and acknowledged this 25th day of July, 1925.

"(Signed)    F. H. Schleiter,
"Mayor of City of Ames, Iowa, Defendant."

The sufficiency of the notice, or the service thereof, is not otherwise challenged. It is stipulated in the record that F. H. Schleiter, who accepted service, was at that time mayor of the defendant city. He was not a party to the suit. It is also stipulated that the city of Ames was the sole defendant therein, and therefore the only adverse party.

The argument of the appellee is predicated upon the broad proposition that:

"When a written notice is required to be served upon a person, the law contemplates that it shall be addressed to him."

The foregoing proposition was first stated by this court in *Steele v. Murry*, 80 Iowa 336, and has been repeatedly incorporated in our subsequent opinions. Applying it to the case at bar, appellee argues that, the mayor being the only person served, it was requisite that the notice should have been addressed to him, and that failure in that respect rendered the notice nugatory.

The special reliance of the appellee in support of its motion is upon certain of our later cases, wherein the foregoing language has been quoted. The latest of these cases are *In re*

*Paving Assessments,* 193 Iowa 1234, and *Farmers St. Sav. Bank v. Town Council of Fairbank,* 199 Iowa 1275.

Prior cases especially relied on by appellee are *In re Estate of Anderson,* 125 Iowa 670; *Sleeper v. Killion,* 166 Iowa 205; and *Fairchild v. Plank,* 189 Iowa 639.

If the interpretation which appellee puts upon our later cases must be sustained, then we have overruled some of our previous cases quite unconsciously. The claim of appellee is not that we have actually held the notice insufficient in form, in a case like that at bar, but that such is the necessary logical result of our holding in the cited cases. This contention is urged with forceful argument, which draws its plausibility from the broad statement oft repeated in our decisions, which we have above quoted. We deem it desirable, therefore, to bring face to face all our decisions on this subject, with a view of harmonizing them, if inconsistency be found therein.

The statute expressly provides that a notice of appeal from the district court to this court shall be served "on the adverse party, his agent, or * * * attorney." Section 12837, Code of 1924.

In *Haggard v. Independent Sch. Dist.,* 113 Iowa 486, we held squarely that a notice of appeal addressed to the independent school district as the adverse party was sufficient in form, and held further that the service of such notice upon the president of the school board, as provided by statute, was a good service, even though the notice was not addressed to such president, either by name of the person or of the office.

In *Bloom v. Sioux City Traction Co.,* 148 Iowa 452, we held that the failure of the notice of appeal to name the clerk of the district court as an addressee did not vitiate the notice, because the clerk was not a party in interest, but was a mere official designated by the statute as a person upon whom notice should be served. This holding was followed in *Lightner v. Board of Supervisors,* 156 Iowa 398.

In *McCartney v. City of Washington,* 124 Iowa 382, a preliminary notice of personal injury was addressed to the city, and to no other addressee. Acceptance of service was obtained from the mayor and from the city solicitor. Both the notice and the service were held good. In some of our cases a notice of appeal

addressed to the adverse party alone, but served upon the attorney, has been held sufficient. See *First Nat. Bank v. Eichmeier*, 153 Iowa 154. Likewise in *Fairchild v. Plank*, 189 Iowa 639.

None of the foregoing cases have been overruled in terms. But the appellee contends that they have been overruled in effect by our decision in the *In re Paving Assessments* case, 193 Iowa 1234. The discussion in that case is somewhat broader than the decision. The actual decision in that case was predicated on the following ground:

"We hold that the notice in the instant case, *not being addressed to any person*, was not sufficient to confer jurisdiction," etc.

In that case the city of Odebolt was the sole adverse party. It was not named as addressee. The notice was addressed to the "mayor" and the "city council." It was served on the "clerk," who was not named as addressee. The notice was not addressed to the mayor by name, but only to his official designation. The notice, therefore, was not addressed to any person. Whether the notice and the service thereof would have been good if it had been addressed to the mayor by name, and if it had been served upon him, is a question we have no occasion to discuss here; nor was it discussed in the cited case. But see *Claflin, Mellen & Co. v. Iowa City*, 12 Iowa 284. What is clear is that the holding of invalidity of the notice in the *Odebolt* case was not inconsistent with any of our previous decisions. The claim, therefore, that the cited case has overruled or superseded our prior cases cannot be sustained.

Though our statutes relating to appeals from inferior tribunals to the district court vary somewhat in their terms as to the procedure to be followed, yet even in such cases we have never held a notice defective in form which named the adverse party as addressee. Whether the terms of any statute would require such a holding in the event that such a case were presented to us, we need not now consider. Sufficient now to say that no such requirement appears in the statutes pertaining to notice of appeal from the district court to this court. In the absence of some specific statutory requirement, the general rule undoubtedly is that, where a notice of appeal is properly addressed to the adverse party by name, it is sufficient in form;

and if such adverse party be an artificial or corporate body, service of such notice upon officials or agents specified by the statute is a good service *upon the adverse party,* and confers jurisdiction over it, even though the name of the official or agent be not included as an addressee.

The official or agent in such a case is merely the statutory medium through which service of the notice is made *upon the addressee.* Jurisdiction is thereby acquired, not over the official or agent, but over the *addressee.*

In this case the notice of appeal was addressed to the "city of Ames" as the sole adverse party. Service was accepted by the mayor of such city in his official capacity. Both the notice and the service thereof were, therefore, sufficient.

Appellee's motion to dismiss is, accordingly,—*Overruled.*

DE GRAFF, C. J., and STEVENS, FAVILLE, VERMILION, ALBERT, and MORLING, JJ., concur.