Midwestern Realty Company, Appellant, v. City of Des Moines, Appellee.

No. 39205.

June 23, 1930.

Rehearing Denied September 22, 1930.

*Charles E. Hunn* and *Hiram S. Hunn,* for appellant.

*Reson S. Jones, Charles Hutchinson, F. T. Van Liew,* and *Chauncey A. Weaver,* for appellee.

Morling, C. J.—Two questions are presented: (1) Whether the notice of appeal from the action of the board of review was sufficiently and properly addressed; (2) if not, whether the resulting insufficiency of the notice was cured by the appearance entered.

I.   The notice, under the heading "Notice of Appeal from Assessment for 1925," reads as follows:

"To the Honorable Mayor and the City Council of Des Moines sitting as a board of review. You and each of you are hereby notified that the Midwestern Realty Company does here-by appeal from your action sitting as a board of review wherein you refuse to lower the assessment of [here follows description of the property and assessment roll] to the district court * * * [properly designating the court and term]."

Section 7132, Code, 1924, provides for complaint before an action by board of review. By Section 7133, "appeals may be taken from the action of the board with reference to such complaints to the district court * * * Appeals shall be taken by a written notice to that effect to the chairman or presiding officer of the reviewing board, and served as an original notice." Section 7129 provides:

"The township trustees shall constitute the local board of review for the township or the portion thereof not included within any city or town * * *"

The statute does not undertake to determine who shall be the chairman or presiding officer of the reviewing board. It will be observed that the notice here is not addressed to any person by name. It is not in terms addressed "to the chairman or presiding officer" of the board of review. It is addressed "to the Honorable Mayor and the City Council of Des Moines, Iowa, sitting as a board of review." The statute governing these hearings before and appeals from boards of review is general, and applicable to all forms of city and town government. In *Hawkeye Lbr. Co. v. Board of Review*, 161 Iowa 504, 506, it is said that the mayor is presumed to have been the presiding officer of the board of review unless the contrary appears of record. We need not stop to inquire whether such presumption may be entertained under present statutes, providing for various plans of municipal government, according to which the mayor may or may not be a member of the council, and in one form of which the council "shall * * * appoint three persons which shall constitute a local board of review * * *" Code, 1924, Section 6653. See Sections 5631, 6520, 6524, 6645. It is settled in this state that notice of appeal addressed "to the presiding

officer of the board of review," without naming the person, will not sustain an appeal. *Descriptio personae* alone in the address is not enough. *Farmers' State Sav. Bank v. Town Council*, 199 Iowa 1275, and cases there cited. A paper so addressed is not merely defective as a notice. It is no notice. Idem; *In re Assignment for Benefit of Creditors of Lounsberry*, 208 Iowa 596.

We may add that it is not required that the notice be addressed to and served upon the individual who happens to be presiding temporarily at the very time the subject-matter of the appeal was on for consideration and action. It is sufficient that the notice is addressed to and served on the individual who is the permanent presiding officer of the board. His identity may easily be determined from the record. Thereby uncertainty is avoided. *Frost v. Board of Review*, 113 Iowa 547.

Furthermore, actual service upon the proper person does not cure the insufficiency of the paper as a notice. *In re Assignment for Benefit of Creditors of Lounsberry*, 208 Iowa 596.

II. The appearance docket contains the following entry: "Appearance for defendant, Halloran, Jones, Weaver & Hewitt." Whether this entry was made within the 20 days  after the adjournment of the board within which appeal was required to be taken (Section 7133), does not appear. The city of Des Moines filed motion to dismiss, signed by these attorneys as "attorneys for defendant City of Des Moines." The question of jurisdiction was thus brought to the attention of the court. It is immaterial how and by whom the question of jurisdiction is raised. It does matter, however, who enters the appearance claimed to constitute a waiver of the absence of notice, and by whom and by what authority appearance is entered. The city council is the governing body of the city. As a city council, it has no authority over matters of general taxation. The city is but indirectly and resultantly affected by the proceedings of the board of review. The same persons who are members of the city council are (in most classes of cities) made the members of the board of review. But the board of review is, nevertheless, a body entirely distinct, and exercises functions distinct from those of the city council. The board of review constitutes a part of the legislative machinery provided by the state for the exercise of

the state's power of taxation. The power and functions of the board of review are quasi judicial, and are created, defined, and limited by statute. It is the legislative power of the state and its exercise, not the corporate powers, rights, or duties of the city, that are here involved. The statute provides:

"Appeals shall be taken by a written notice to that effect to the chairman or presiding officer of the reviewing board, * * *" Section 7133.

This statute prescribes and defines the method of taking the appeal. The district court has no original jurisdiction in such case. Its jurisdiction on appeal from the statutory reviewing board is itself purely statutory, and depends for its existence upon compliance with statutory prerequisites to its taking cognizance of the case. If the method provided for taking appeal were other than by service of notice upon the chairman or presiding officer, but notice of an appeal, when appeal has been taken according to otherwise prescribed method, were required to be served on such officer or on the adverse party, we would have a different question. The service of the notice here provided is of the very substance of the appeal itself. It is not alone for the information or benefit of the adverse party. The city of Des Moines is not a party to the appeal. The statute grants no authority to the city of Des Moines, or to its officers or attorneys, to waive the statutory prerequisites to jurisdiction of the district court, or to obviate by appearance the taking of the appeal. The service of notice in substantial accord with the statutory requirements is a prerequisite to the jurisdiction of the court to review the action of the board. Without such service the district court is without jurisdiction of the subject-matter. Neither the city nor its attorneys had power to submit the matter of valuation for assessment purposes to the district court for decision. Appearance did not obviate the necessity of observing statutory prerequisites to the district court's assumption of jurisdiction. *Doerr v. Southwestern Mut. Life Assn.*, 92 Iowa 39; *Plummer v. People's Nat. Bank*, 74 Iowa 731; *Home Sav. & Tr. Co. v. District Court*, 121 Iowa 1, 5; *Tukey v. Foster*, 158 Iowa 311; *Ash v. Ash*, 90 Iowa 229; *Fairchild v. Plank*, 189 Iowa 639, 649; *In re Paving Assessments*, 193 Iowa

946

1234; *In re Assignment for Benefit of Creditors of Lounsberry,* 208 Iowa 596.—*Affirmed.*

STEVENS, DE GRAFF, ALBERT, KINDIG, and WAGNER, JJ., concur.