W. S. ANDERSON, as Stockholder of J. J. DUNNEGAN CONSTRUCTION COMPANY, Appellant, v. ELLA DUNNEGAN, Executrix, et al., Appellees; J. R. McDANIEL, Intervenor, Appellant.

J. J. DUNNEGAN CONSTRUCTION COMPANY ex rel. W. S. ANDERSON, Claimant, Appellant, v. ELLA DUNNEGAN, Executrix, Defendant, Appellee.

No. 41488.

NOVEMBER 22, 1932.

REHEARING DENIED MAY 19, 1934.

Carr, Cox, Evans & Riley, and Stipe, Davidson & Davidson, for appellants.

Stephens & Thornell, and C. R. Barnes, for appellees.

DE GRAFF, J.—Two cases were filed in the district court, one in the name of a corporation ex rel., a stockholder, the other in the name of the stockholder. · One was filed in probate and the other in equity. In each case, another stockholder intervened, asking the same relief as the plaintiff. Both actions were begun to recover money from the estate of J. J. Dunnegan, deceased, who was an officer of the J. J. Dunnegan Construction Company, the corporation involved, the recovery being asked on the ground that J. J. Dunnegan had failed to account for funds alleged to be due the corporation. The cases were tried together. The trial court dismissed the petition of the plaintiff in each case and the petition of the intervenor in each case on the merits. The plaintiff in each case alone appeals.

The administratrix of the Dunnegan estate moves to strike the abstract and to abate or dismiss or affirm. The motion is based upon several grounds. We will consider them in the order presented. ·

 The notices of appeal were addressed to appellee only and served upon her counsel. She claims that the notices should have been addressed to her and served upon her, or addressed to

her counsel and served upon her counsel, or addressed to her and her counsel and served upon her counsel. It is claimed that this court is without jurisdiction to hear the case because no sufficient notice of appeal was served.

Service of the notices was accepted by the defendants' counsel as follows: "Stephens & Thornell, C. R. Barnes, Attorneys for Defendant-Appellee."

Section 12837 of the Code provides as follows:

"An appeal is taken and perfected by the service of a notice in writing on the adverse party, his agent, or any attorney who appeared for him in the case in the court below, and by filing said notice with return of service indorsed thereon or attached thereto with the clerk of the court wherein the proceedings were had, stating the appeal from the same, or from some specific part thereof, defining such part."

Section 12840 of the Code provides:

"A notice of appeal shall be served and return made thereon in the same manner as an original notice in a civil action."

Before the enactment of the law as it now appears, as above quoted, the statute required the notice to be served upon the clerk of the court. The change in the law was made by the 44th General Assembly and appears in chapter 236, section 1, of the printed acts thereof.

We have heretofore held that the failure of the appellant to address the notice to the clerk, which duty was as literally enjoined upon the appellant as to serve the adverse party, his agent, or attorney, did not render the appeal insufficient or rob this court of its jurisdiction, provided the notice had been filed with the clerk. Bloom v. Sioux City Traction Co., 148 Iowa 452, 126 N. W. 909. This was based upon the ground that the clerk was not an adverse party and had no interest in the suit other than that it had been appealed.

In Stevens v. Peoples Savings Bank, 185 Iowa 619, 171 N. W. 130, a motion to dismiss was filed because the notice of appeal was not addressed to the plaintiff-appellee but only to her attorneys, and to the clerk of the court, naming him. Service thereof was accepted by "attorneys for plaintiff," and by the clerk. In that

case, referring to section 4114 of the then Code, which is now section 12837 herein quoted, we said:

"This section deals with the matter * * * of the notice, rather than with its requisite form or contents. If this notice had been addressed to the plaintiff it could undoubtedly have been properly served upon plaintiff's attorneys. Is it a fatal defect in the notice that it was addressed to the plaintiff's attorneys as such? There is a certain trend indicated in our past holdings which invites the argument made by the appellees against the validity of this notice. No case, however, has actually gone thus far. To hold the notice fatally defective in this case would be to take a step farther than we have gone heretofore. To so hold would be exceedingly technical. The notice as drawn unequivocally discloses an intent to notify the plaintiff through her attorneys as such that she has appealed. In Bloom v. Sioux City Traction Co., 148 Iowa 452, 126 N. W. 909, we held that it was not a fatal defect in a notice of appeal that it was not addressed to the clerk of the district court. It was actually served upon him, and we held this to be sufficient. This was put upon the ground of the want of interest on the part of the clerk, but it was nevertheless a qualification of the broad proposition that the failure to address the notice to the party served is necessarily fatal to the validity of the notice. * * * We reach the conclusion that the motion to dismiss for want of jurisdiction should be denied."

In Lundy v. City of Ames, 201 Iowa 186, 206 N. W. 954, we said:

"In some of our cases a notice of appeal addressed to the adverse party alone, but served upon the attorney has been held sufficient. See First Nat. Bank v. Eichmeier, 153 Iowa 154, 133 N. W. 454. Likewise in Fairchild v. Plank, 189 Iowa 639, 179 N. W. 64."

While the cases cited in support of Lundy v. Ames, supra, may not directly hold what the text purports to convey, they have a sufficient leaning in this direction to justify the statement above quoted. We further said, in that case:

"In the absence of some specific statutory requirement, the general rule undoubtedly is that, where a notice of appeal is prop-

erly addressed to the adverse party by name, it is sufficient in form; and, if such adverse party be an artificial or corporate body, service of such notice upon officials or agents, specified by the statute, is a good service upon the adverse party, and confers jurisdiction over it, even though the name of the official or agent be not included as an addressee. The official or agent in such a case is merely the statutory medium through which service of the notice is made upon the addressee. Jurisdiction is thereby acquired, not over the official or agent, but over the addressee."

While we seem to limit the agency question to artificial or corporate bodies, there can be no sound reason for not extending it to natural persons, their agents, or attorneys. Service of an original notice may be made on agents of certain nonresident natural persons. If, out of such litigation, an appeal should arise to this court, under our holding in the foregoing case, service of notice of appeal addressed to the nonresident as an adverse party could properly be made upon his agent in Iowa, without naming him.

Counsel for appellee assert that no cases directly in point have been decided by this court. The foregoing cited cases, we believe, are sufficient to disclose that appellee's contention with respect to the sufficiency of notice and the proper service thereof are not tenable. We have read the cases cited by appellee to support her claim on this point. They do not impress us as determinative of the question under consideration.

It is next urged that, because the court dismissed the intervenor's petition on the merits and the intervenor has not appealed, the appeal of the plaintiffs cannot be maintained. Passing the question as to whether or not the intervenor had a right to intervene, we dispose of this ground of the motion to dismiss by holding that the intervenor was not a coparty nor an adverse party and that notice of appeal need not be served upon him. Thus, in Farr v. Howerton, 184 Iowa 1049, 169 N. W. 394, we used this language:

"She [intervenor] was not a co-party, and for that reason * * * the motion to dismiss, based on failure to serve a coparty with notice of appeal, need not be considered."

In the foregoing case, the intervenor asked relief adverse to

both parties and we held that, because she was an adverse party, and notice of appeal was not served on her, her rights could not be affected by a reversal. Such is not the case before us here. The intervenor was not a necessary party to the action. He was not claiming anything for himself. It is doubtful that he had any direct and immediate interest in the matter in litigation or in the success of either of the parties to the action and it is a certainty that he asserted no claims against both of them. We believe that an interest contemplated by the statute, section 11174, must be a direct and immediate interest in the thing itself which is the subject of the litigation, and not an indirect or remote interest, which might arise if the litigation is successful, and if other contingencies should eventuate. It might be just as forceful to say that the secretary of the corporation had a right to intervene because, if the plaintiff were successful, sufficient money might come to the corporation to pay his salary. We do not believe that such an interest as this is contemplated by the statute permitting intervention. Neither does the proposition that the intervenor would be affected adversely by reversal of the case, because the corporation might be required to pay the plaintiff for his attorney fees and the expenses of litigation, including the costs, impress us. A reversal would not in any wise directly affect the rights of the intervenor, especially not to his prejudice, and the claim that the costs and fees would come out of the pockets of the stockholders of the liquidating corporation is answered fully by the fact that there are no funds of the corporation in the pockets of the stockholders, and, so far as we know, there may never be any.

It is next urged that, because the docket fees were unpaid to the clerk of the Supreme Court, the abstract cannot be considered as filed, and, as the 120 days limitation has expired, as has also the extended period granted by this court, the appeal should be dismissed. It is further urged in the same connection that two docket fees should have been paid and that two abstracts should have been filed.

Section 12844 of the Code provides as follows:

"No case shall be docketed until the fees provided by law therefor have been paid."

The record in this case shows that the case was docketed and the fees not paid. Appellees do not argue very strenuously that this

is a jurisdictional proposition, nor are any cases cited which so hold. There is no question but that the abstract was filed literally in the time prescribed by the court. The question whether or not it may be considered not filed because the docket fee was not paid is the only question with respect thereto that is entitled to any consideration. The question as to whether or not two abstracts should have been filed seems to be now disposed of by motions filed by the appellees themselves, conceding that it is proper for this court to take both cases for review upon one record. Such a concession relieves us of the necessity of determining that ground of the motion, to wit, that two records or two abstracts should have been filed.

The appellee cites cases upon the abstract proposition that, when the abstract is not filed within the time prescribed by law, or within the time granted by this court, a motion to dismiss is proper. To this rule we are firmly committed. Many other cases are cited by appellee on abstract principles of law with which we do not disagree. The trouble is that the appellees cite these cases upon the assumption that their premise that the filing fee must be paid before the abstract can be held to have been filed is established. We are not concerned with the question as to whether or not the section of the code which requires the clerk to collect the fee is mandatory or directory. It has nothing to do with the perfection of the appeal. If the clerk sees fit to waive it or not to collect it, the appellant's rights cannot be affected thereby.

The cases cited by appellees which might have some bearing on this proposition are those which relate to rules which were in the circuit courts in the early history of our legal procedure. In those cases we said:

"The Clerk, upon return being made of the transcript, may refuse to file it unless the fee allowed him is either paid or secured. The cause will not be deemed pending in the circuit court until the transcript is filed."

In the instant case, the clerk did file the abstract and did docket the case. Likewise, in Scott v. Lasell, 71 Iowa 180, 32 N. W. 322, a rule of practice in the following form was under consideration:

"In appeals from justices' courts or other inferior tribunals, in civil cases, the appellant shall cause the case to be docketed, and the docketing and filing fee to be paid by noon of the first day of

the term to which the case is returnable, and, in case of his failure so to do, the appellee may pay such filing fee, and have the case docketed, and will thereupon be entitled to have the judgment below affirmed, or to have the case set down for trial on its merits, as he may elect."

We held in the foregoing case that the failure of the appellant to pay the filing fee permitted the appellee so to do and to move for dismissal. This was due to the fact that the rule itself so provided. The statute under consideration in this case does not so provide.

In Squires v. Millett, 31 Iowa 169, under a somewhat similar rule as above, we said:

"The record shows that the cause had been docketed several times in both the district and circuit courts without the docket fee having been paid. * * * The reason for requiring the docket fee to be paid is that the cause may be placed on the docket and tried in its order. Here the cause was docketed without the fee having been paid for about a year. The plaintiff was in no manner prejudiced by reason of the non-payment of the fee. The cause was docketed and he was not required to pay the fee for that purpose, nor was he hindered from a trial of the cause in its order by the failure of the appellant to pay the fee. The clerk might have refused to docket the cause until the fee was paid, and then under the rule, if the appellant refused or neglected to pay it, the appellee might do so and have the judgment below affirmed."

We have disposed of all of the material grounds for the motion to dismiss and find none of them tenable. It is the order of the court, therefore, that said motion to dismiss be and it is hereby denied.

STEVENS, C. J., and FAVILLE, ALBERT, and WAGNER, JJ., concur.