OMER B. FULLER, JR., Appellant, v. BOARD OF REVIEW OF THE INCORPORATED TOWN OF ROLFE, Appellee.

No. 45901.

MARCH 17, 1942.

Omer B. Fuller, Jr., pro se.

N. J. Bixler, for appellee.

GARFIELD, J.—The local Board of Review of the Town of Rolfe overruled the objections of appellant, Omer B. Fuller, Jr., to the valuation placed upon his property by the assessor. Within proper time, he took an appeal to the district court by a notice of appeal addressed to "Omer B. Fuller, Sr., Presiding Officer of the Board of Review of the Town of Rolfe, Iowa." Fuller senior, father of appellant, was mayor of the town and acknowledged service of the notice as mayor and also as presiding officer of the Board. The Board filed a special appearance attacking

the jurisdiction of the district court on the ground that Fuller senior was neither a member of the Board nor its presiding officer and therefore service upon him of the notice of appeal did not comply with section 7133, Code, 1939, requiring notice on the presiding officer of the reviewing board. So far as the record shows, the special appearance was not verified nor supported by affidavit. No evidence was offered in support thereof. The record before the trial court consisted of appellant's petition which was duly verified, the notice of appeal showing acknowledgment of service and the special appearance. The petition alleges that Fuller senior was mayor. This seems to be conceded. The petition further alleges:

"That on April 28th, 1941, * * * plaintiff caused to be served on the presiding officer of said Local Board a notice of appeal to the District Court of Iowa from the action of the Local Board in overruling his objections * * * ."

Appellant attached to his petition as a part thereof a transcript, certified by the town clerk, of the proceedings before the Board, showing the objections and the overruling thereof. The petition alleges that the purpose of attaching the transcript was merely to show the objections and the ruling of the Board. This transcript does not show who was the presiding officer of the Board but recites that the Board "met in regular session with members [naming the five councilmen] present."

The trial court sustained the special appearance. The order recites:

"The mayor not being a member of the city council is therefore not a member of the Local Board of Review, and cannot be the chairman or presiding officer thereof. There can be no presumption that the mayor was its chairman."

This ruling presents the only matter for our consideration. We hold that the special appearance should have been overruled.

An appeal to the district court from the action of a local board of review is taken by a written notice "to the chairman or presiding officer" thereof. Section 7133, Code, 1939. In a city or town the council constitutes the local board of review. Code section 7129. In a town the council is composed of five council-

men at large. Code section 5631. It is true the mayor is not a member of the council. Doonan v. City of Winterset, 224 Iowa 365, 370, 275 N. W. 640. It does not follow, however, because the mayor is not a member of the council, and therefore not a member of the reviewing board, that he cannot be its chairman or presiding officer.

The statute expressly provides that the mayor, though not a member of the council, is its presiding officer, with the right to vote in case of a tie. Code section 5639 (5). Doubtless, the council does not act as such while sitting as a board of review. The statute does not provide who shall be the presiding officer of the board of review. Midwestern Realty Co. v. City of Des Moines, 210 Iowa 942, 943, 231 N. W. 459. Nevertheless, we have held it is presumed, in the absence of a contrary showing, that the mayor of a city or town presides over meetings of the local reviewing board as well as meetings of the council. Hawkeye Lbr. Co. v. Board of Review, 161 Iowa 504, 505, 143 N. W. 563, 564, where it is said:

"Though acting in a different capacity, the personnel of the city council and board of review are the same, and the mayor is presumed to have been the presiding officer of the board of review as he is of the council, unless the contrary appears of record, and that is all that was held in Frost v. Board of Review, 113 Iowa, 547."

When the Hawkeye Lumber Company case was decided, the mayor was not a member of the council, and other applicable statutory provisions were substantially the same as now. In re Assessment of Sioux City Stock Yards Co., 222 Iowa 323, 268 N. W. 18, we held valid substituted service of notice of appeal upon the mayor.

It is not necessary to base our decision upon the presumption, in the absence of a contrary showing, that the mayor presides over the board of review. Here, appellant's verified petition alleges that the notice of appeal was served upon the mayor *who was the presiding officer* of the board. The notice shows that Fuller senior acknowledged service as mayor and presiding officer. Appellee made no attempt to show that Mayor Fuller did not in fact preside over the Board nor that it had a temporary

1018

presiding officer. The transcript attached to the petition did not name as presiding officer anyone other than the mayor. Appellee's contention, which the trial court adopted, is that because the mayor is not a member of the Board he cannot be its presiding officer. With this we do not agree.

If, as seems to be conceded (at least it is not denied), Mayor Fuller in fact presided over the Board, notice of appeal could properly be served upon him even though he was not technically a Board member. If this could not be done, then there was no one upon whom service could be made, and the purpose of the law to encourage hearing of causes on their merits would be defeated. It should not be necessary for a taxpayer who desires to appeal from the action of a local board to hire a detective agency to ascertain who is the presiding officer. Service upon the mayor should be held good when it appears by verified allegation that he in fact presided over the board.

The order appealed from is reversed.—Reversed.

All JUSTICES concur.