**RESTHAVEN CEMETERY ASSOCIATION, Appellant,**

v.

**BOARD OF REVIEW OF POLK COUNTY, Iowa et al., Appellees.**

**No. 57649.**

Supreme Court of Iowa.

Jan. 19, 1977.

Rehearing Denied Feb. 10, 1977.

Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellant.

Ray A. Fenton, County Atty., and J. R. McManus, Des Moines, for appellees.

Heard before MOORE, C. J., and MASON, UHLENHOPP, HARRIS, and McCORMICK, JJ.

MASON, Justice.

In 1974 property owned by plaintiff, Resthaven Cemetery Association, located in Polk County was assessed for the purpose of establishing the taxes due thereon in 1975. Plaintiff protested the assessed value of the property and was granted partial relief by defendant, the Board of Review of Polk County. Still dissatisfied, plaintiff sought to avail itself of the appellate jurisdiction of the district court pursuant to section 441.38, The Code, 1973. The notice of appeal required by that section was prepared and served upon Everett Sather, chairman of defendant Board within the statutory 20-day time limit.

Defendant challenged the jurisdiction of the district court by filing a special appearance alleging that the notice of appeal failed to comply with the jurisdictional requirements of section 441.38. The specific alleged deficiency was the fact the notice was not directed to any individual as the chairman or presiding officer of defendant.

Plaintiff filed a written resistance to defendant's special appearance and attached thereto an affidavit concerning the identity of the person actually served. In essence, plaintiff's resistance was based upon the fact Everett Sather, the individual actually served, was, at all times material, the chairman and presiding officer of the Board of Review of Polk County.

Following the submission of briefs and hearing the district court entered the following record:

"Special appearance filed by defendants July 1, 1974 is after hearing sustained for the reason that the notice served was insufficient to confer jurisdiction on the district court inasmuch as the provisions of Sec. 441.38 Code of Iowa 1973 were not complied with as shown on the face of said Notice."

Subsequently an order was entered dismissing plaintiff's appeal with judgment against plaintiff for the costs incurred. The trial court's ruling on defendant's special appearance and subsequent dismissal of plaintiff's appeal precipitated this appeal.

Although plaintiff divides its contentions into two issues and two "subissues" they can be succinctly set forth in the following question: Was the trial court's conclusion plaintiff's notice of appeal failed to comply with section 441.38 erroneous as a matter of law?

I. No factual dispute between the parties is present herein. The district court's determination plaintiff's notice of appeal failed to comply with the jurisdictional requirements of section 441.38 was the resolution of a question of law and is therefore not conclusive on appeal. *Hull-Dobbs Mot. Co. v. Associates Corp.*, 241 Iowa 1365, 1368, 44 N.W.2d 403, 405; *City of Spencer v. Hawkeye Security Insurance Co.*, 216 N.W.2d 406, 408 (Iowa 1974).

In pertinent part, section 441.38, The Code, 1973, provided:

" * * * Appeals shall be taken by a written notice to that effect to the chairman or presiding officer of the board of review and served as an original notice."

In addition to the Board of Review defendants designated in plaintiff's notice of appeal were "Charles Colby, Jr., Walter Potts, Everett Sather, Clifford Custer, and Harry Renaud, as members of said Board." The notice was directed "To the above named defendants."

The ruling of the district court does not specify in what respect plaintiff's notice is deficient. However, it appears safe to assume the alleged deficiency was the fact it was not directed to nor did it designate the chairman or presiding officer of defendant.

Plaintiff relies heavily upon *Stampfer Bldg. Co. v. Board of Review of Dubuque*, 195 N.W.2d 390 (Iowa 1972), and both parties seek support from *Midwestern Real. Co. v. City of Des Moines*, 210 Iowa 942, 231 N.W. 459. In *Stampfer*, 195 N.W.2d at 393–394, this court stated:

"*Midwestern Real. Co. * * * [210 Iowa at 945, 231 N.W. at 460]*, relied on by appellee, dealt with section 7133, The Code 1924. That section is substantially similar to the first and last sentences of section 441.38, The Code, which are set out, supra. * * *

"This statement from the opinion supports appellee's position that the district court's jurisdiction in the matter before us is not one of original jurisdiction:

" 'This statute [section 7133] prescribes and defines the method of taking the appeal. The district court has no original jurisdiction in such case. Its jurisdiction, on appeal from the statutory reviewing board, is itself purely statutory, and depends for its existence upon compliance with statutory prerequisites to its taking cognizance of the case. * * * '

"However, later in the opinion there is this statement: ' * * * The service of notice in substantial accord with the statutory requirements is a prerequisite to the jurisdiction of the court to review the action of the board. * * * '

"Appellants rely on *Jacobson v. Leap*, 249 Iowa 1036, 88 N.W.2d 919, which considered a claimed defect in an original notice for the contention that Iowa law has changed from a strict literal compliance with requirements for notice to a rule of liberal construction to avoid defeating actions because of technical and formal defects which could not reasonably have misled a party. However, * * * [citing authorities] and cases cited in those opinions do not support appellants' contention. These decisions have consistently refused to extend the decision in *Jacobson v. Leap* to an original notice defective in the particulars being considered in the cited cases.

"The statements of law in the cited cases may be summarized as expressing the view substantial defects in the vital requirements of original process are fatal to the court's jurisdiction regardless of prejudice. * * * [citing authority].

" * * * *

"In our opinion the requirements of section 441.38 as urged by appellants in division I, supra, have been substantially complied with. The notices were written, addressed to the chairman of the board of review by his proper name, * * * [citing *Midwestern Real. Co.*, supra], and served on him as an original notice. We are convinced the notices under consideration are in substantial accord with the statutory requirements * * *."

*Stampfer*, then, establishes the following three requirements for a valid notice of appeal under section 441.38: (1) written

notice, (2) addressed to the chairman of the Board of Review by his proper name, and (3) served on that individual as an original notice. There is no dispute in the instant case concerning the first and third of those requirements. The issue facing this court is whether plaintiff's notice of appeal, addressed to the Board and the individual members thereof without designating the member who was chairman but in fact served upon that individual, *substantially complies* with the second *Stampfer* requirement. 195 N.W.2d at 394.

■ Before proceeding to the resolution of the substantial compliance issue it should be noted defendant maintains plaintiff's affidavit in support of its resistance to the special appearance and the return of service should not be considered in assessing the merits of issues presented by the special appearance. Defendant's position is clearly without merit. On a number of occasions this court has considered documents of record other than the notice itself in assessing the sufficiency thereof. See *Grundon Holding v. Bd. of Review of Polk Cty.*, 237 N.W.2d 755, 757 (Iowa 1976); *Shields v. Heinold*, 253 Iowa 898, 901, 114 N.W.2d 302, 303, 6 A.L.R.3d 1174; *In re Assessment of Sioux City Yards*, 222 Iowa 323, 324–325, 268 N.W. 18, 19. In addition, it is well established affidavits in support of or in opposition to a special appearance must be considered, as is demonstrated by the following from *Tice v. Wilmington Chemical Corp.*, 259 Iowa 27, 34, 141 N.W.2d 616, 621:

"In passing upon a special appearance the courts of this state accept the allegations of plaintiff's petition as true. * * * [citing authority].

"However, we have also held verified affidavits may be submitted supporting or in opposition to a special appearance. * * * [citing authorities]. And, when affidavits are so filed the contents stand as a verity unless controverted. * * * [citing authorities]."

In light of the above authorities defendant's contention the notice of appeal alone may be considered in assessing the sufficiency thereof cannot be sustained. The return of service herein establishes that Everett Sather was served with plaintiff's notice of appeal. The affidavit attached to plaintiff's resistance to defendant's special appearance establishes that Everett Sather was, at all times material hereto, chairman of defendant Board. These uncontroverted facts will be considered by this court in the resolution of the issue presented herein.

■ However, defendants maintain their challenge to the jurisdiction of the district court is based on the insufficiency of the notice of appeal itself, not on the manner of its service. They point out "the good service of a notice on the proper person does not cure a bad notice" and cite in support of this contention *In re Paving Assessments*, 193 Iowa 1234, 188 N.W. 780; *Farmers' St. Sav. Bank v. Town Council*, 199 Iowa 1275, 202 N.W. 80; and *Midwestern Real. Co. v. City of Des Moines*, 210 Iowa 942, 231 N.W. 459.

Plaintiff asserts it is the interest of the Board of Review, not that of Mr. Sather, which would be affected by an adverse decision on appeal to the district court and the chairman or presiding officer of the board of review is merely the statutory medium through which service of notice of appeal is made.

Defendants insist the following statement from *Steele v. Murry*, 80 Iowa 336, 337, 45 N.W. 1030, is relevant to plaintiff's foregoing contention:

" * * * The word 'notice,' used in the language of the statute above quoted, means a written paper containing the statements or recitations necessary to inform the person notified of the facts required to be communicated or declared to him. The word is often used in the law, and designates a paper of this description. It is intended to inform the person notified of the things required, and is therefore a notice to him. *When a written notice is required to be served upon a person, the law contemplates that it shall be addressed to him.* This we think is the uniform practice, and is demanded by the necessity of such address in order to guide the person making the service, and to identify the person

served." (Emphasis supplied). See also *Estate of Elvina Anderson*, 125 Iowa 670, 672, 101 N.W. 510, 511; *In re Assignment of Lounsberry*, 208 Iowa 596, 600–601, 226 N.W. 140, 143; *Barton v. City of Waterloo*, 218 Iowa 495, 496–497, 255 N.W. 700, 701, and authorities cited therein.

The question is whether plaintiff's notice of appeal was sufficiently addressed to Mr. Sather to meet defendants' challenge in view of the preceding statements of law.

Although plaintiff's notice of appeal did not contain a designation of Mr. Sather's official capacity on its face, it did refer to him by his individual proper name in the caption of the notice as a member of said Board and the salutation was addressed to "THE ABOVE NAMED DEFENDANTS."

We conclude plaintiff's notice of appeal was sufficiently addressed to Mr. Sather to meet the statutory requirements and adequate to confer jurisdiction in the Polk District Court.

With directions to the district court to set aside its order sustaining defendants' special appearance and to proceed with the matter in accordance with chapter 441, The Code, the case is

Reversed and remanded.