**SUPERIOR/IDEAL, INC., An Iowa Corporation, Appellant,**

v.

**BOARD OF REVIEW OF the CITY OF OSKALOOSA, Iowa, and Mahaska County, Iowa, Appellees.**

No. 86–849.

Supreme Court of Iowa.

Feb. 17, 1988.

Walter F. Johnson and David J. Hester of Johnson, Bauerle, Hester & Walter, Ottumwa, for appellant.

Charles A. Stream, Co. Atty., and Charles D. Hunter and Linda S. Weindruch of Belin, Harris, Helmick, Tesdell, Lamson, Blackledge & McCormick, P.C., Des Moines, for appellees.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO and NEUMAN, JJ.

LARSON, Justice.

Pursuant to Iowa Code section 441.38 (1985), Superior/Ideal, Inc. (Superior) appealed from decisions of the Board of Review of the City of Oskaloosa and Mahaska County concerning assessments of Superior's property for 1981 and 1982. The board filed separate motions to dismiss, claiming that defective notices of appeal deprived the district court of jurisdiction in both appeals. The district court sustained the motions, and Superior appealed. We consolidated the appeals and now reverse and remand in both cases.

In relevant part, Iowa Code section 441.38 provides:

> Appeals may be taken from the action of the board of review with reference to protests of assessment, to the district court of the county in which such board holds its sessions within twenty days after its adjournment.... *Appeals shall be taken by a written notice to that effect to the chairperson or presiding officer of the board of review and served as an original notice.*

(Emphasis added.) Because two years' assessments are involved, and the alleged

defects are different in each case, we will discuss them separately.

### I. *The Assessment for 1981.*

 Following the board's decision on Superior's 1981 assessment, Superior filed a petition for appeal in the Mahaska County District Court. Its "notice of appeal" named Superior as the plaintiff-appellant and the "Board of Review of the City of Oskaloosa, Iowa, and Mahaska County, Iowa," as the defendant-appellee. The notice was addressed "To Robert DeCook, Chairman, Board of Review, Oskaloosa, Iowa: Mahaska County, Iowa." The chairman of the board, Robert DeCook, was out of town at the time the notice was to be served, so the sheriff served the board's clerk, Gary Rozenboom.

In moving to dismiss the appeal, the board argued that the service of notice on Rozenboom was improper because section 441.38's requirement of service on the "chairperson or presiding officer" of the board cannot be interpreted to allow service on the board's clerk. The district court agreed, holding that, at least in the absence of an attempt to serve the board's vice chairman, service on the clerk was not proper.

Following the language of section 441.38, our cases have established three basic requirements for a valid notice of appeal from the board of review: (1) written notice of the appeal, (2) served as an original notice, (3) on the chairman or presiding officer. *See Cowles Communications, Inc. v. Board of Review,* 266 N.W.2d 626, 631 (Iowa 1978); *Stampfer Bldg. Co. v. Board of Review,* 195 N.W.2d 390, 392 (Iowa 1972).

The issue in the 1981 appeal is whether the clerk of the board may be considered to be a presiding officer for purposes of the notice of appeal. Iowa Code chapter 441, which establishes the board of review and the procedures for its operation, does not define a "presiding officer." In fact, the only time that term appears is in section 441.38, the appeal section. Chapter 441 is also silent as to a vice chairman for the board.

Besides the chairman, the clerk is the only other officer mentioned in the statute. *See* Iowa Code § 441.33. As a result of the lack of guidance from the statute as to what officer could be served in the absence of the chairman, an appellant might reasonably conclude that the next in line, as the presiding officer, would be the clerk.

In an earlier case, we noted the problem of determining who was a "presiding officer," in the absence of a definition of that term in the statute. We said:

> It should not be necessary for a taxpayer who desires to appeal from the action of a local board [of review] to hire a detective agency to ascertain who is the presiding officer. Service upon the mayor should be held good when it appears by verified allegation that he in fact presided over the board.

*Fuller v. Board of Review,* 231 Iowa 1015, 1018, 2 N.W.2d 758, 760 (1942).

In the present case, there was no evidence that the clerk had actually presided over a board meeting, but he understood that he would be the presiding officer in the absence of both the chairman and vice chairman.

We have held that, in appeals under section 441.38, "substantial" compliance with the notice requirements is sufficient. *See Cowles,* 266 N.W.2d at 631; *Economy Forms Corp. v. Potts,* 259 N.W.2d 787, 788 (Iowa 1977); *Resthaven Cemetary Ass'n v. Board of Review,* 249 N.W.2d 618, 621 (Iowa 1977); *Stampfer Bldg. Co.,* 195 N.W.2d at 394.

 Substantial compliance is said to be compliance in respect to essential matters necessary to assure the reasonable objectives of the statute. *See Rogers v. Roberts,* 300 Or. 687, 691, 717 P.2d 620, 622 (1986); *City of Lenexa v. City of Olathe,* 233 Kan. 159, 164, 660 P.2d 1368, 1373 (1983); *Otero v. Zouhar,* 102 N.M. 493, 497, 697 P.2d 493, 497 (App.1984); *In re Santore,* 28 Wash.App. 319, 327, 623 P.2d 702, 707 (1981).

We believe that service of a notice of appeal on the clerk of the board of review assures compliance with the reasonable ob-

jectives of the appeal statute. What more appropriate recipient could be found to receive the notice of appeal than the person charged by statute to handle the board's paperwork. Iowa Rule of Civil Procedure 56.1(m), while not controlling here, reflects that philosophy by providing that service of a notice on a public corporation may be made on its presiding officer, clerk, or secretary.

In view of the lack of statutory guidance to the contrary under section 441.38, and because it is consistent with the objectives of the notice statute to do so, we hold that service of a notice of appeal on the clerk of the board of review constitutes substantial compliance with the service requirements of section 441.38.

We reverse the court's dismissal of the 1981 appeal.

## II. *The 1982 Appeal.*

Superior also filed an appeal from its 1982 assessment. The notice of appeal was directed to "*Robert DeCook*, Chairman, Board of Review, Oskaloosa, Iowa; Mahaska County, Iowa." (Emphasis added.)

Service of the notice of appeal was attempted to be made by delivering a copy of it to the county attorney, who endorsed the following on the notice:

On this 18th day of June, 1982, the undersigned, being attorney for the Board of Review for the city of Oskaloosa, Iowa, hereby accepts service of this original notice, the Notice of Appeal together with a Petition for Appeal attached; said service having been accepted on behalf of *Robert DeCook*, Chairman, Board of Review, Oskaloosa, Iowa.

(Emphasis added.)

The district court dismissed the 1982 appeal on two grounds: (1) the county attorney was not authorized to accept service on behalf of the chairman of the board of review; and (2) the notice of appeal, and the county attorney's acknowledgment of service, incorrectly identified Robert DeCook as chairman. (DeCook and Rozenboom had switched jobs between the 1981 and 1982 appeals. As of the time the 1982 appeal

was taken, Gary Rozenboom was chairman and Robert DeCook was clerk).

A. *Acceptance of service.* Iowa Code section 441.38 provides that notice to the chairman or presiding officer of the board of review shall be "served as an original notice." Here, the county attorney purported to acknowledge service of the notice on· behalf of the chairman. (The board of review claims the county attorney's acknowledgment was not for the chairman, because the chairman was misnamed in the notice. We will address that question in the following division.)

An attorney may accept service of notice, or waive it, if the attorney has authority to do so. *Fairchild v. Plank*, 189 Iowa 639, 641–44, 179 N.W. 64, 65–66 (1920) (acceptance of notice of appeal); *Prince v. Griffin*, 16 Iowa 552, 554 (1864) (acceptance of original notice); *Hefferman v. Burt*, 7 Iowa 320, 320a (1858) (authority to accept service of original notice). In the case of an appeal notice, a lawyer is presumed to be authorized to acknowledge service. *See* 7A C.J.S. *Attorney and Client* §§ 172, 203, at 262–63, 339 (1980).

In board of review proceedings, the county attorney is not only authorized to act on behalf of the board; he is in fact directed to do so.

In the case of cities having an assessor, the city legal department shall represent the assessor and board of review in all litigation dealing with assessments. In the case of counties, the county attorney shall represent the assessor and board of review in all litigation dealing with assessments.

Iowa Code § 441.41.

The board of review argues that, even if an attorney was authorized to accept service generally, an appeal notice under section 441.38 is different. Under that statute, such a notice is a prerequisite to subject matter jurisdiction in the district court. An attorney's acceptance of service would, in effect, be an attempt to establish subject matter jurisdiction by agreement, which he could not do.

The case primarily relied on to support that proposition, however, is distinguishable. That case was *Midwestern Realty Co. v. City of Des Moines,* 210 Iowa 942, 231 N.W. 459 (1930), which involved an appeal from a decision of the Des Moines City Council sitting as a board of review. The notice of appeal was held to be defective, and the question arose whether an appearance of counsel had obviated the need for the notice. We held that it did not because the appearance was by an attorney for the city council, not the board of review. The board of review was the proper party, not the city, although the city council acted in the capacity of a board of review. The case did not hold that service of notice could not be made by an attorney's acknowledgment. In fact, the suggestion is to the contrary: That if an attorney representing the proper party had acknowledged service of the notice of appeal it would be sufficient. *Id.* at 944–45, 231 N.W. at 460.

While service of notice of appeal may be distinguished from service of an original notice, we believe for our present purposes the distinction in this case is one without a meaningful difference. Whether a chairman or presiding officer of the board of review is "served" personally, or through an attorney authorized to accept service, should not detract from the fact that there has been notice given. We believe that is all that is required under section 441.38.

In the analogous case involving appeals from district court to the supreme court, in which service of notice of appeal has been held to be jurisdictional, we have permitted acceptance of service by the appellee's attorney. *See, e.g., Anderson v. Dunnegan,* 217 Iowa 1210, 1213, 245 N.W. 326, 327 (1932); *Lundy v. City of Ames,* 201 Iowa 186, 188–89, 206 N.W. 954, 955 (1926); *Fairchild,* 189 Iowa at 641–44, 179 N.W. at 65–66. *See generally* 7A C.J.S. *Attorney and Client* § 172, at 262–63 (1980) ("An admission of due and personal service of a notice of appeal is presumed to be authorized...."); *Id.* § 203, at 339 (attorney for client against whom appeal is taken regarded as having authority to admit or waive service of notice).

B. *Errors in notice.* The notice of appeal was addressed to Robert DeCook as chairman. The problem is that, while DeCook had been chairman at the time of the 1981 appeal, he was not serving as chairman at the time of the 1982 appeal. He was in fact serving as the clerk at that time.

For the reasons discussed in the first division, we believe service on Robert DeCook, as clerk, would have constituted substantial compliance with section 441.38. But, what is the effect of DeCook's title being misstated in the notice?

In *Resthaven Cemetary,* we held that failure to attach any title to the name of the person served was not fatal to the notice, and we believe a *mis* statement of the title should be no more egregious a deviation from the statute. *See* 249 N.W. 2d at 621–22.

While it is true that service of notice of an appeal is a necessary prerequisite to jurisdiction under section 441.38, we see nothing in that statute, or elsewhere, to suggest jurisdiction should be sparingly recognized. Who could seriously argue that a notice directed to Robert DeCook identifying him as the chairman did not notify Robert DeCook as clerk that the appeal was pending?

We find substantial compliance with regard to both the 1981 and 1982 appeals under Iowa Code section 441.38 and therefore reverse on both appeals. We remand for resolution of these appeals on their merits.

REVERSED AND REMANDED.

CARTER, Justice (concurring specially).

I concur in the majority opinion but write separately to consider another issue. I believe the time is long overdue to limit the principle that subject matter jurisdiction may be raised at any time to those situations involving the power of the court to hear and decide cases of the general class to which the proceeding belongs. It should be required that technical infirmities which

only serve to defeat the court's jurisdiction in a particular case be timely raised.

Clearly, the Iowa district court does have power to hear and decide appeals from action taken by the local board of review in assessment matters. Consequently, I would hold that appellees' belated jurisdictional challenges in the present case were not timely raised and therefore were waived.

LAVORATO, J., joins this special concurrence.